IIempiiill, Ci-r. J.
The only question in this case is as to the alleged error in excluding the evidence offered in mpport of tiie plea of the failure of consideration. Tiie objection to its admissibility was that tiie plea was unac-■eoinpanied by the affidavit required by tiie statute.
Tiie provision of the act which is applicable here is expressed as follows, viz, “Bo plea impeaching tiie consideration of any instrument or note in “writing under seal shall be admitted, unless supported by the affidavit of the “defendant or some person for him, stating that the facts set forth in said plea are true,” &c.
The appellants contend that if tiie plaintiff intended to object to the plea for the want of an affidavit, lie should have done so before going into the trial ; and that having neglected to do so he has waived the objection and cannot exclude the evidence in support of tiie plea. The question is not without difli-■culty. The oath is declared to be a positive, legal requisite of the plea, and is, therefore, not to be lightly disregarded.
If without the affidavit the plea be essentially a nullity, it is no plea and may bo stricken out at any time. But ibis requisite, imposed by statute upon the plea, is not for the benefit of i lie defendant but for that of the plaintiff. Were it not for tiie restriction of tiie statute, a plea impeaching the consideration of a sealed instrument would not require tiie support of an oath. This is an advantage to tiie plaintiff. lie can, no doubt, waive it expressly; and if lie do so by implication lie must be bound by his own acts. As a general rule all exceptions touching the legal sufficiency, whether of form or of substance, of the. pleading of the' parties' should be taken before they go to trial upon tiie issues of fact. If an objection were subsequently allowed it might operate as a surprise and greatly to the injury of a party, especially as lie is then precluded from curing tiie defect by amendment.
Had tiie objection in this instance been taken before the trial, the defendants might, had tiie court permitted and no delay been occasioned, have amended their plea by their oaths; hut from the chance of this benefit they are now excluded, and their defense, however meritorious it may be, cannot avail them.
Tiie refusal of tiie evidence under the circumstances operates oppressively upon the defendants, and is in conflict with the rules of practice established in analogous cases. In Richmond v. Tallmadge, (16 Johns. R., 307,) it was held that where a sheriff, in an action for an escape, pleads or gives notice of a voluntary return of the prisoner before suit brought without verifying bis plea or notice by affidavit as required bjr tiie statute, tiie plaintiff might treat tiie plea as unility and proceed to judgment, or move tiie court to set it aside, as is tiie case with dilatory picas; butif lie accept the plea and go to trial lie waives (lie irregularity. If lie treat tiie plea as good in point of form tiie court will not press the defect upon him. The case amounts to this, that as it was •competent for the plaintiffs to waive tiie affidavit and treat the plea as valid without it, they should lie held by their nets to have done so in that ease; autl we are of opinion that tiie exception in this case having not been taken before trial, and the plea having been treated as valid, the objection afterwards came too late and should have been overruled.
The language of the statute in requiring this plea to be supported by affidavit is almost identical with lho words usecl in relation to the verification of the plea of non est factum and oí pleas in abatement. But the rule above stated as to the waiver of the affidavit -is- inapplicable to the plea of non est factum. The defendant could not be permitted to throw upon the plaintiff by a plea wanting this statutory requisite tiie burthen of proving the execution of tiie instrument or the cause of action; although under such defective plea, if not ■objected to intime, lie might adduce evidence to support his own defense. Judgment ordered to be reversed and cause remanded for a new trial.
Reversed and remanded.
is ote 11. — A plea which denies the execution of the note sued on, or the partnerships of the defendants who are charged tohavo executed tin' same in their partnership name, is a nullity if it be n<«t sworn to, and it is not necessary to except to it. (Drew-u. Harrison, 12 T., 279; Kelly v. Kellv, 12 T., 432; Persons v. Frost & Co., 25 T. Supp., 1.50; see Fowler v. Davenport, 21 T., 026, and Sessums v. Iíenry, 3S T,, 37.)