### ISABELLA M. T. DYER v. S. J. WINSTON.

Decided November 5, 1903.

**1.—Pleading—Contract—Commissions—Sale of Realty.**

R. F. Dyer, assuming to act as the agent of the defendant, his mother, an independent executrix, made the agreement, exhibit A, to pay the plaintiff a certain commission for selling certain land, which agreement was executed by him as agent, but not signed by plaintiff; and he concluded the negotiation of the subsequent agreement, exhibit B, to sell the land to plaintiff at a specified price, which agreement was signed by the defendant in person, who then had no knowledge of the previous agreement. The plaintiff suing for commissions on a petition setting up these exhibits was met by general demurrers, which were properly overruled in as much as the petition, in stating a cause of action, was sufficient. The exhibits state consistent and unambiguous contracts, and the first is not brought within the statute of frauds by reason of the failure of the plaintiff to sign it.

**2.—Same—Special Exception—Charge.**

It was otherwise as against special exception since the petition did not show that R. F. Dyer had authority to contract the payment of commission to the plaintiff. As independent executrix of her deceased husband the defendant had the power to incur reasonable and proper expenses in the management and disposition of the estate in accordance with the terms of the will, and to employ an agent to find a purchaser for the land, but she could not delegate to him a discretion as to terms of sale, nor could she invest R. F. Dyer with authority to agree, at his discretion, with the plaintiff as subagent, upon the amount of commission he should receive. She could have specially authorized R. F. Dyer to sign an agreement for an amount fixed by her, or she could have subsequently ratified, and adopted as her own, the agreement entered into, neither of which things was done by her. So, accordingly, a charge on this latter phase of the case, abstractly correct, was unauthorized by the proof.

**3.—Agency—Evidence.**

Evidence of the statements or admissions of an agent are not admissible to prove his agency. Likewise it was error to admit evidence to prove agency by reputation.

**4.—Practice—Amendment—Affidavit.**

It was within the discretion of the trial court to permit, pending the trial, the amendment of a pleading by having the same sworn to. The attorney may make such an affidavit, but objection to the sufficiency of the same comes too late if first made in the appellate court.

Appeal from the County Court of Fort Bend. Tried below before Hon. William Masterson, County Judge.

*Spencer C. Russell,* for appellant.

*L. M. Williamson,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought by S. J. Winston against I. M. T. Dyer and R. F. Dyer to recover the sum of $530 alleged to be due the plaintiff as a commission for the sale of 1060 acres of land. Judgment was rendered in favor of R. F. Dyer on demurrer, and there is no appeal from that judgment. I. M. T. Dyer was sued both individually and in her capacity as executrix of J. E. Dyer, deceased.

The plaintiff alleged in his petition that he had entered into a contract in writing with the defendant, who acted by her agent, R. F. Dyer, individually and as executrix of J. E. Dyer, deceased, by which she agreed to pay him the sum of $530 for the sale within a reasonable time of the land described in exhibit A, attached to the petition, for the sum of $10 an acre, either by purchase himself or sale to other parties. The contract attached as exhibit A, omitting date line and signatures, was as follows:

"This contract entered into this the 6th day of September, 1902, between S. J. Winston and Mrs. I. M. T. Dyer, that said Winston contracts to purchase from Mrs. Dyer a tract of land in Fort Bend County, Texas, known as the Triangle or Cut-Off pasture, now leased and occupied by F. I. Booth, for other parties, and when the sale is completed Mrs. Dyer is to pay to said Winston $530, five hundred and thirty dollars."

It was entered into on September 6, 1902, and was signed: "Mrs. I. M. T. Dyer, individually and as executrix of will of J. E. Dyer, deceased. By R. F. Dyer, Agent." It was not signed by the plaintiff.

It was further alleged that afterwards, on November 8, 1902, the plaintiff and the defendant entered into a contract in writing for the sale of the land to the plaintiff which said written contract was marked exhibit B and attached to the petition. It appeared therefrom that the plaintiff undertook to pay the defendant $10 an acre for the land, which was fully described by metes and bounds, if within thirty days she furnished a good title, for which the plaintiff had deposited a forfeit of $500, and that the defendant obligated herself to convey the land to the plaintiff, or to any one whom he may direct. The plaintiff averred that he had fully complied with said contract of purchase and sale by procuring Davis & George to take the land, and that the defendant had executed to them a deed therefor in compliance with said contract. There were further allegations that the said R. F. Dyer had authority to act as the agent of the defendant, and that the defendant was liable for the commission sued for.

Demurrers to the petition were overruled by the court, and after a motion for continuance had been overruled there was a trial to a jury which resulted in a verdict and judgment in favor of the plaintiff.

It was shown by the evidence that R. F. Dyer, assuming to act as the agent of the defendant, made the agreement with the plaintiff attached to the petition as exhibit A, and that he concluded with the plaintiff the agreement for purchase and sale, which, by the advice of counsel, was signed by the defendant in person. The defendant was not aware of the previous agreement expressed by exhibit A when she signed the contract to sell the land to plaintiff. She had told R. F. Dyer to find a purchaser for the land if he could, but had given him no express authority to pay a commission to anyone to find a purchaser or to purchase or sell the same. It appeared from the evidence that R. F. Dyer is the son of the defendant, and had represented her generally in many busi-

ness transactions, especially in dealing with cattle, but that he had never represented her in the sale of land. Evidence was admitted, over the objection of the defendant, of declarations on the part of R. F. Dyer that he was the agent of the defendant in making the agreement, and of general reputation as to such agency.

We do not think that there was any error in overruling the demurrers except as to the special exception hereinafter referred to. The agreements attached as exhibits to the petition are not inconsistent with each other or with the allegations of the petition. Exhibit A evidences an unambiguous contract for the payment of a commission of $530 to the plaintiff for the sale of the land which he contracts to purchase for other parties. The land is sufficiently identified. The contract, even if it should be held as one for the sale of land, and not merely for the payment of a commission, is signed by the party to be charged therewith, and does not come within the statute of frauds on account of the fact that it was not signed by the plaintiff. It was not necessary that it should have embraced all the terms of the contract, such as the price for which the land was to be sold. That might be shown by parol. The exhibit B evidences a contract for the sale of the land by the defendant to the plaintiff and a conveyance thereof to him or to any one he might direct. It is altogether consistent with the first agreement to pay the commission. As independent executrix of J. E. Dyer the defendant had the authority to incur reasonable and proper expenses in the management and disposition of the estate in accordance with the terms of the will, and to employ an agent to find a purchaser for the land and to pay him an agreed commission therefor, but she could not delegate to him a discretion as to terms of sale, nor could she give R. F. Dyer authority to agree, at his discretion, with the plaintiff as sub-agent upon the amount of commission he should receive. Mechem on Agency, secs. 189, 193. As against a special exception the petition did not show that R. F. Dyer had authority to agree to pay the plaintiff the stipulated compensation. The executrix could have specially authorized R. F. Dyer to sign an agreement for an amount fixed by her, or she could have subsequently ratified, and adopted as her own, the agreement entered into. So, the charge that if the defendant had authorized or ratified the agreement, the plaintiff could recover, was correct, for the objection urged in the brief that an executrix could not authorize an agent to bind the estate in any such manner or ratify his acts; but it is doubtful if the evidence warranted the charge. There is no proof that the defendant knew anything about the agreement until long after it was made, or ever gave any specific instructions as to the commissions to be paid.

The motion for a continuance appealed strongly to the discretion of the court, but in view of the fact that the judgment must be reversed it will not receive consideration.

It was error to allow the plaintiff to testify to the declaration of R. F. Dyer that he was the agent of the defendant. Evidence of the

statements or admissions of an agent are not admissible to prove his agency. Mechem on Agency, sec. 100.

It was also error to receive the evidence of the plaintiff and of the witness Davis to establish the agency by general reputation. Id., sec. 101. But it is urged by the plaintiff that no proof could be heard in denial of the agency of R. F. Dyer because the defendant had not filed a sufficient plea under oath as a predicate therefor. The agency was denied by the answer of the defendant, but when the testimony was offered the plea had not been sworn to and the court was about to sustain an objection to the evidence on that ground, when the counsel for the defendant asked and obtained leave to swear to the plea then. Leave was granted, the plea was sworn to, and the evidence was received. It is within the discretion of the court to grant the leave and hear the evidence.

It is further urged, here, however, for the first time, that the affidavit is not sufficient. It is: "Now comes Spencer C. Russell, as attorney for Mrs. I. M. T. Dyer, and upon oath states that to the best of his knowledge and belief Mrs. Dyer did not execute the contract marked exhibit A to plaintiff's petition, and that she did not give R. F. Dyer authority to execute it." Without passing upon the sufficiency of the affidavit further than to say that it may be made by an attorney (Rev. Stats., art. 5), we hold that it is too late to present the objection now. Addock v. Creighton, 3 Texas Ct. Rep., 282. The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*