·WESTERN UNION TELEGRAPH COMPANY v. TOM SMITH ET AL.

Decided June 11, 1910.

**1.—Telegraph—Negligence—Defense—Failure to Repeat.**

The failure of the sender to have a telegraph message repeated does not preclude a recovery of damages caused by the negligence of the telegraph company in changing the address of the message when such change causes the nondelivery of the message and consequent damages.

**2.—Plea—Verification.**

An affidavit to a plea that the same is true "according to the best information and belief" of the affiant, although defective, will be taken as a sufficient verification in the absence of a special exception.

**3.—Telegram—Negligence—Claim for Damages—Ninety Days Limitation.**

A stipulation in a contract for the transmission of a telegram, which required notice of any claim for damages to be given within ninety days from the filing of the message, considered in connection with the evidence, and held to be unreasonable as matter of law, and therefore a failure of the sender to give such notice would not affect his right to recover.

Appeal from the District Court of Limestone County. Tried below before Hon. H. B. Daviss.

*George H. Fearons* and *Clark, Yantis & Clark,* for appellant.— There was no evidence that the appellant was guilty of negligence although there was delay in delivering the message, it appearing that the message was not delivered because a natural and unavoidable error in the transmission of said message resulted in same being received at Childress to "M. Smith" instead of "Tom Smith." Western U. Tel. Co. v. Neill, 57 Texas, 283; Womack v. Western U. Tel. Co., 58 Texas, 176.

The appellant, by contract, limited its liability to the amount received by it for sending the same, for mistakes or delay in the transmission of the message or for nondelivery, the sender not having ordered it repeated. Under this contract the evidence did not warrant the verdict and the judgment in any amount beyond the amount paid for its transmission. Western U. Tel. Co. v. Hearne, 77 Texas, 83.

The appellant contracted with the sender of the message in question that it would not be liable for damages or statutory penalties unless claim in writing should be presented to appellant within ninety days after the message was filed for transmission. The undisputed evidence shows that no written claim was presented within ninety days or at any other time, and the verdict and judgment of the court were in that

respect contrary to the evidence and the court erred in overruling the appellant's motion for a new trial on that ground. Western U. Tel. Co. v. Culberson, 79 Texas, 65; Western U. Tel. Co. v. Rains, 63 Texas, 27; Western U. Tel. Co. v. Vanway, 54 S. W., 414.

*Walter Angus Keeling* and *Williams & Bradley,* for appellee.—The failure of the sender to have a telegraph message repeated does not preclude a recovery on account of damages caused by the negligence of the company in changing the address of the message, where such change causes the message not to be delivered. It is actionable negligence on the part of the company contracting to deliver the message for it to so change the name of the addressee as to prevent or greatly delay its delivery, thereby causing injury. Postal Tel. Co. v. Sunset Const. Co., 102 Texas, 148.

The verification or attempted verification of pleadings have been held bad in the following cases: Want of notice under this statute. "Reliably informed and verily believe" is bad. Missouri, K. & T. Ry. Co. v. Pietzsch, 30 S. W., 1083. No affidavit is bad. Houston & T. C. Ry. Co. v. Davis, 31 S. W., 309; Texas Tel. & Tel. Co. v. Seiders, 29 S. W., 262; St. Louis & S. F. Ry. Co. v. Honea, 84 S. W., 268.

Petition for writ of certiorari. "Best of knowledge and belief" is bad. Spinks v. Matthews, 80 Texas, 375; Webb v. Texas Christian Univ., 107 S. W., 89.

Injunction. "Information and belief" is bad. Pullen v. Baker, 41 Texas, 419.

Plea of failure of consideration. "Knowledge and belief" is bad. Callen v. Evans, 120 S. W., 543; Cates v. Mass., 14 S. W., 1066; Wilson v. Adams, 15 Texas, 323; Davis v. Campbell, 35 Texas, 780.

Verification of account for suit. "Knowledge, according to books," is bad. Baggett v. Sheppard, 110 S. W., 952.

Motion for continuance. "Information and belief" is bad. International & G. N. R. Co. v. Biles, 120 S. W., 953; Gulf, C. & S. F. Ry. Co. v. Brown, 75 S. W., 807.

"Knowledge, information and belief" is bad. St. Louis, S. W. Ry. Co. v. Harkey, 88 S. W., 507.

Verification of mechanic's lien. "Best of knowledge and belief" is bad. Merchants & P. Bank v. Hollis, 84 S. W., 269.

Plea in abatement. "Knowledge and belief" is bad. Graham v. McCarty, 69 Texas, 323.

Suit to reopen a judgment. "Best of knowledge and belief" is bad. Sperry v. Sperry, 103 S. W., 422.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was filed by the appellees against the appellant and had for its purpose the recovery of damages for alleged negligence of the appellant in failing to promptly deliver the following message:

"Kosse, Texas, Jan. 19, 1908.

"To Tom Smith, Childress, Texas.

"Mr. Ainsworth is very low. Come at once.

"(Signed) J. R. Smith."

It was alleged that the message was sent for the benefit of Mrs. Tom Smith and was not delivered to her until the twenty-second day of January, being three days after it was filed for transmission, and when received, was addressed to M. Smith, Childress, Texas.

Plaintiffs alleged that on receipt of the message on January 22d, they started to Kosse, and arrived at the bedside of Mr. Ainsworth, the father of Mrs. Smith, at 10 o'clock a. m. on January 23d, and that Mr. Ainsworth lived until January 27th. And they alleged that, while they were with Mrs. Smith's father four days prior to his death and attended the funeral, when they arrived at Kosse, said Ainsworth had become unconscious and was utterly unable to recognize them thereafter, but lingered in an unconscious condition until his death on January 27th.

The defendant answered (1) by general denial; (2) that on January 19, 1908, one J. R. Smith wrote, or caused to be written and presented to the defendant's agent at Kosse for transmission, the telegram in question addressed to "Tom Smith, Childress, Texas." That said J. R. Smith wrote or caused to be written said message on one of the defendant's blanks for the sending of day messages and said message was executed by said J. R. Smith or by his authority as agent for plaintiff; and thereupon the defendant immediately proceeded to transmit the same over its lines from Kosse to Childress, Texas, and did promptly and speedily transmit said message through its several relay offices, among others Houston and Dallas, and delivered same to its agent at Childress, with great dispatch and within thirty minutes after receiving it for transmission, but as the same had to pass through the hands of numerous agents and through several relay offices, covering a distance of more than six hundred miles, an error was made in transmission of same, which is liable to happen at any time in transmitting messages over telegraph lines where the distance is great and many operators handle said message, even though the greatest possible care is exercised in transmitting the message; in order to guard against errors of this kind, for the small charge of one-half the regular rate for sending the message, the defendant stood ready to repeat said message back from its point of destination, Childress, to its starting point, Kosse, for comparison; and if said J. R. Smith had exercised said privilege he would have ascertained in a few hours that the message when it reached Childress was directed to "M. Smith" instead of "Tom Smith," and this error would have been corrected in ample time for Mrs. Smith to have boarded the first train out of Childress towards Kosse on the 19th day of January, 1908. But the said J. R. Smith failed to request the repeating of said message, and failed to pay the charges to have said message repeated, and in so failing he was guilty of negligence which contributed to and was the proximate cause of the failure of said telegram being promptly delivered to said Tom Smith. It is alleged that the message in question was presented and filed by J. R. Smith subject to the terms on the back thereof and he agreed to same, and that among these terms and stipulations on the back thereof was the following: "To provide against mistakes or delays the sender of the message should order it repeated, that is, telegraphed back to the originating office for comparison; for this, one-half the regular rate

is charged. It is agreed between the sender of the following message and this company that said company shall not be liable for mistakes or delays in the transmission or delivery or of nondelivery of any unrepeated message beyond the amount received for sending same." The evidence shows that said J. R. Smith did not request that the message be repeated.

(3) Defendant alleged that among the agreements and stipulations on the back of said blank upon which the message was sent was the following: "The company will not be liable for damages or statutory penalties in any case where a claim is not presented in writing in ninety days after the message is filed with the company for transmission." The defendant alleged that no written claim for damages was presented within ninety days or after the message in question was filed for transmission.

(4) The evidence sustained this issue of fact. By the supplemental petition the appellees alleged that each of them orally notified the defendant's agent at Kosse that said telegram had not been promptly delivered and that they had been damaged thereby, and that the defendant received such notice and acted upon it by preserving the written message and that it thereby waived the provision in the contract requiring a written claim to be presented within ninety days from the date of filing of said message for transmission.

A trial was had before the court without a jury and a judgment was rendered in favor of the appellees against the appellant in the sum of $1,000. The defendant duly perfected an appeal.

The appellant assigns as error that the court erred in overruling its motion for new trial. It presents the proposition that there was no evidence that the appellant was guilty of negligence, although there was delay in delivering the message, it appearing that the message was not delivered because a natural and unavoidable error in the transmission of said message resulted in same being received at Childress addressed to "M. Smith" instead of "Tom Smith." This contention is not sustained. The failure of the sender to have a telegraph message repeated does not preclude a recovery of damages caused by the negligence of the company in changing the address of the message when such change causes the nondelivery of the message. Postal Tel. Co. v. Sunset Construction Co., 102 Texas, 148. The failure to deliver the message resulted from a change in the name of the addressee.

Witness Brooks testified: "When I sent the message I sent it to Tom Smith. Somebody probably just omitted one of the 'To's.' The capital M is made just like the little m in Tom. All letters are made alike over the wire. There are no capitals. T is one dash. O is two dots, and M is two dashes. If an operator read the first part of that, 'To M,' he would have to ignore one of the 'To's.' The message reached the delivery office addressed to M. Smith." In the case cited, merely the middle initial of the addressee was changed from "Tom" to "M," thus entirely ignoring the letters T and o, and thus changing the name of the addressee of the message.

The third, fourth, fifth, sixth and seventh assignments assign as error the court's refusal to grant a new trial. These assignments are

based on the fact that no claim for damages was presented by plaintiffs to defendant in writing within ninety days from the date of filing the message. The blank upon which the message was written contained in substance a stipulation as follows: "The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within ninety days after the message is filed with the company for transmission."

Article 3379 of the Revised Statutes, as amended in 1907, provides: "No stipulation in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable, and any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void. In any suit brought under this and the preceding article it shall be presumed that notice has been given, unless the want of notice is especially pleaded under oath." The defendant plead that notice of plaintiffs' claim was not presented to it in writing within ninety days of the filing of the message. The affidavit to said plea was as follows: "On this, the 11th day of Jan., A. D. 1909, personally appeared before me, J. E. Yantis, who being duly sworn deposes and says, that he is familiar with the facts stated in sec. 14 of the foregoing answer and that he is the attorney of the Western Union Tel. Co., and that the facts stated in said sec. 14 are true and correct according to his best information and belief. Subscribed and sworn to before me this 11th day of Jan., A. D. 1909.

L. E. Eubanks,

(Seal)                                Clerk, District Court,

Limestone County, Texas."

Appellee contends that this affidavit being that the plea is "true and correct *according to his best information and belief,*" it amounts to no verification, and the plea is a nullity. This contention is not tenable. It is true the affidavit was defective and, upon special exception thereto, would have been quashed. But not having been excepted to the defect was waived. Williams v. Bailes, 9 Texas, 63; State v. Quillen, 115 S. W., 660.

The question then arises, Is the stipulation in the contract reasonable and will it be enforced? The statute provides that "any stipulation fixing the time within which such notice shall be given at a less period than ninety days, shall be void." By this statute any stipulation in a contract requiring less than ninety days' notice of a claim for damages as a condition precedent to the right to sue thereon, is declared unreasonable and void as a matter of law. Whether or not such a stipulation is unreasonable when the time provided for is not less than ninety days as provided by statute, is a question of fact to be determined by the evidence in the given case. Missouri, K. & T. Ry. Co. v. Newton, 60 Texas Civ. App., 110, 127 S. W., 873; St. Louis & S. F. Ry. Co. v. Honea, 84 S. W., 268. The stipulation in this case requires notice to be given within ninety days from the *filing* of the message. Neither the plaintiff nor his agent at the time of filing of the message knew or could have anticipated that there would be a delay in its

delivery, or that circumstances would arise authorizing a claim for damages. He could not have given the notice at the time of filing the message, nor could he have done so until there had been a delay in its delivery of which he had knowledge. The undisputed evidence shows the message was filed on January 19th, and was not received by plaintiffs until January 22d, a period of three days after the filing of same, leaving only 87 days, under the facts, within which to give the notice. It is clear that the stipulation in the contract, considered in connection with the undisputed evidence, is unreasonable as a matter of law. The stipulation for notice being unreasonable and void, the fact that notice was not given according to its terms furnishes no defense.

It does not become necessary under this holding to determine the effect of giving the oral notice to appellant's local agent at Kosse of the plaintiffs' claim.

The evidence fairly sustains the judgment and it can not be said to be excessive.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.