KELLEY et al. v. FAIN et al.  (No. 7993.)

(Court of Civil Appeals of Texas.  Ft. Worth. June 6, 1914.  Rehearing Denied July 4, 1914.)

1. APPEAL AND ERROR (§ 1097*)—LAW OF THE CASE—SUBSEQUENT APPEAL.

A decision on a former appeal is the law of the case on a subsequent appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358–4368, 4427; Dec. Dig. § 1097.*]

2. APPEAL AND ERROR (§ 926*) — REVIEW — PRESUMPTIONS—EVIDENCE.

Where a bill of exceptions to the admission of opinion evidence fails to state facts showing want of qualification of the witness, it will be presumed on appeal that he was qualified.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1279, 2899, 3729, 3730, 3735–3747; Dec. Dig. § 926.*]

3. EVIDENCE (§ 379*) — DOCUMENTARY EVIDENCE—AUTHENTICATION—ATTESTING WITNESSES.

A plat of land is not admissible as independent evidence on the mere testimony of a witness that he saw the surveyor make it, but did not know of his own knowledge that it was correct.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1656; Dec. Dig. § 379.*]

4. VENDOR AND PURCHASER (§ 329*)—REMEDIES OF PURCHASER—ACTION ON WARRANTY—EVIDENCE.

In an action by a vendee upon his vendor's warranty for an alleged deficiency in a lot, the amount deducted by the vendee on a resale was not admissible to prove either the alleged shortage nor the value of the land.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 952; Dec. Dig. § 329.*]

5. JUSTICES OF THE PEACE (§ 175*)—REVIEW—EVIDENCE.

On the trial of a case in the county court on appeal from a justice of the peace, the fact that judgment was rendered by the justice for plaintiff was not admissible or debatable for any purpose.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 694–698; Dec. Dig. § 175.*]

Appeal from Denton County Court; S. H. Hoskins, Judge.

Action by J. A. Fain and others against M. P. Kelley and others.  Judgment for plaintiffs, and defendants appeal.  Reversed and remanded.

Geo. M. Hopkins, of Denton, for appellants.  Zumwalt & Key, of Denton, for appellees.

CONNER, C. J.  Appellees sued appellants in the justice court as warrantors to recover damages in the sum of $150 because of an alleged deficiency in a certain lot situated in Denton, Tex.  Appellants answered by a general denial and a special plea, to the effect that the lot was but a part of the sale of a larger whole which had been made in gross.  Judgment was rendered for appellees in the justice court, from which an appeal was taken to the county court, where judgment was again rendered in appellees' favor for the sum of $150, and this appeal has been prosecuted.

[1] The lot in question was but a part of a laundry plant which, together with the machinery, wagons, etc., was conveyed by the deed containing the warranty declared upon; and the evidence gives much force to the contention that the sale was one in gross, and therefore not within the warranty.  But this contention was decided adversely to appellants on a former appeal, and hence, without further discussion, must be accepted as the law of the case.  See Davis v. Fain, 152 S. W. 218, and Railway v. True Bros., 159 S. W. 152.

[2] The evidence in behalf of appellees to support the allegation of a deficiency in the lot conveyed consists very materially, if not wholly, of the testimony of J. J. McLachlan, and a plat of the lot in controversy made by W. H. Pierce, the county surveyor.  The testimony of McLachlan was objected to on the ground that he had not qualified himself to so speak, and the map was objected to because it had not been shown to be correct.  While McLachlan's qualification does not appear to be clear, yet the bill of exception taken to the admission of the testimony, as explained by the judge, tends to show that he knew the size of the lot, and the bill fails to state the facts showing the want of qualification.  In the absence of such showing, it must be implied from the court's ruling that the objections made were unsupported, and that the witness was qualified.

[3] The court's ruling, however, in permitting the introduction of the plat we think was erroneous.  After McLachlan had testified, upon his examination in chief, as indicated above, and after appellants had introduced several witnesses whose testimony as to the size of the lot conflicted with that of McLachlan, appellees offered in rebuttal the plat objected to under the following circumstances as appears from the statement of facts, viz.:

"Plaintiffs' Evidence in Rebuttal.

"Witness J. J. McLachlan, being recalled by plaintiffs, testified as follows: 'There was a plat of the survey of the laundry property made by Mr. Pierce, the county surveyor.  I saw him make the plat.  I do not know how he made, nor why he placed the lines where they were placed.  I do not know of my own knowledge that the plat is correct.  The plat shown me is the one made by Mr. Pierce.'"

Plaintiffs then offered in evidence the plat and statements appended thereto by the surveyor. The surveyor was not called to testify, nor did any other witness testify to the accuracy of the plat or of the appended statements. The plat and accompanying statements very clearly supported plaintiffs' theory as to the deficiency, and quite as clearly was inadmissible as original evidence, or as corroborative of McLachlan. We think the case easily distinguishable from that of Griffith v. Rife, 72 Tex. 185, 12 S. W. 168, cited in behalf of appellees, where our Supreme Court held it permissible for a witness who had testified to his knowledge of lines and boundaries to use a map or plat in explanation of his testimony. The plat here in question was evidently not offered for any such purpose, and the court's ruling, we think, well within the decision in Smith v. Bunch, 31 Tex. Civ. App. 541, 73 S. W. 559.

The fourth, fifth, and sixth assignments of error urge objections to the testimony of McLachlan, and to the plaintiff J. F. Stanley, relating to the value of the laundry property; but these assignments must be overruled for the want of sufficient bills of exception. The testimony as shown by the bills was objected to on the ground that the witnesses had not qualified themselves to speak as to value; but no evidence appears in the bills which supports these objections, which, therefore, must be accepted as groundless in view of the court's ruling.

[4, 5] A number of other assignments of error are presented, some of which point out occurrences not likely to happen again, and yet others not very clearly supported by proper bills of exception; but, in view of another trial, we deem it proper to say that it was expressly determined on the former appeal that the amount deducted by the plaintiffs on a resale of the property because of the alleged deficiency was not admissible to prove either the "alleged shortage nor the value of the same," and hence that it was certainly objectionable for appellees' counsel during the course of the examination of witnesses, and in argument to the jury, to make any reference to such settlement. Nor was the fact that judgment had been rendered in behalf of appellees in the justice court for $150 admissible or debatable for any purpose. The settlement and judgment referred to could in no view constitute proof that the shortage existed as alleged, or that the compensation properly allowable therefor was to be measured by the judgment of the justice court, or the amount of the settlement between the plaintiffs and their vendees.

It is ordered that the judgment be reversed, and the cause remanded for the error of the court in admitting in evidence the plat referred to in our opinion.

SPEER, J., not sitting.