# IN THE MATTER OF THE COMPENSATION FOR INJURIES TO CHARLES CLARKSON, EMPLOYEE v. NORTHWESTERN CONSOLIDATED MILLING COMPANY, EMPLOYER, AND ANOTHER.[1]

### January 30, 1920.

### No. 21,730.

**Workmen's Compensation Act — so-called release ineffective to modify court settlement.**

A written statement between employer and employee that the latter was entitled to a stated sum during the continuance of a total temporary disability, was made and approved in the district court in July. The man returned to work at the end of September, before he had entirely recovered, and worked until the beginning of February, when he was compelled to quit work. In October, at the instance of the insurance company, the man executed a so-called release from the payment of any further compensation which was never presented to or approved by the district court. *Held*: The so-called release was not a settlement within the contemplation of G. S. 1913, § 8216; there was no consideration for it, nor was it approved by the district court. Respondent is entitled to have the original agreement carried out. [Reporter.]

Upon the relation of Northwestern Consolidated Milling Company, employer, and Travelers Insurance Company, insurer, the supreme court granted its writ of certiorari directed to the district court for Hennepin county and the Honorable Joseph W. Molyneaux, judge thereof, to review proceedings in that court brought under the Workmen's Compensation Act by Charles Clarkson, employee, against said employer and said insurer. Affirmed.

*L. N. Foster* and *Hoke, Krause & Faegre*, for relators.
*George S. Grimes*, for respondent.

PER CURIAM.

Charles Clarkson was injured in April, 1918, while in the employ of the relator milling company, as the result of an accident, so as to entitle him to compensation under the Workmen's Compensation Act. On May 20, fol-

[1]Reported in 175 N. W. 997, 176 N. W. 960.

lowing, he entered into a written agreement with his employer, whereby it was agreed that the injuries sustained were such as to constitute total temporary disability, and that he was entitled to compensation from April 28, 1918, at the rate of $12 per week during his disability. This settlement was approved by an order of the district court, which was duly filed with the clerk of court on July 28, 1918. The relator insurance company paid the compensation up to September 23, 1918. Shortly thereafter the employee resumed work and so continued until February 2, 1919. On October 30, 1918, the employee, at the instance of the insurance company, executed a so-called release from the payment of any further compensation. At the time of the giving of such release the solicitor for the insurance company informed the employee that in case he could not continue his work the only effect of the release would be that the money earned in the mill would be deducted from the amount of compensation allowed. The so-called settlement, or release, was never presented to, or approved by, the district court. When the employee returned to work he had not entirely recovered from his disability.

The trial court found, as a matter of fact, that the respondent, by reason of his injury and the condition resulting therefrom, was compelled to quit work on February 2, 1919, and "that ever since his injury he has been, and still is, under the same disability." We fully agree with the learned trial court, that the so-called release was not a settlement within the contemplation of section 8216 of the statute.[1] There was no consideration for it, nor was it approved by the district court, and the original agreement of settlement between the parties stands and the respondent is entitled to have the same carried into effect and to recover thereunder. The question whether such a release and settlement, if approved by the district court, would be final and not subject to revision or change upon a showing that the employee had not fully recovered is not involved or considered. Affirmed.

On April 9, 1920, the following opinion was filed:

PER CURIAM.

In denying the application of the relator for a rehearing in this case we take occasion to say that the opinion incorrectly states that the compensation to be paid plaintiff was $12 per month; it should read "per week." The statement that it is undisputed that plaintiff had not fully recovered from his disability is perhaps not correct, but that is an unimportant matter.

Petition for rehearing denied.

[1] [G. S. 1913]