## FARRIS v. UNITED STATES FIDELITY & GUARANTY CO. (No. 10120.)*

(Court of Civil Appeals of Texas. Fort Worth.
March 3, 1923. Rehearing Denied
April 7, 1923.)

**1. Accord and satisfaction ⊕8(1)—Agreement unsupported by consideration to receive less than amount of debt not a discharge thereof.**

An agreement, not supported by consideration, for a creditor to receive a less sum than the whole, will not discharge the debt.

**2. Master and servant ⊕417(5)—Evidence in compensation suit held to raise issue as to cause of incapacity.**

Evidence *held* ample to raise an issue of fact for the jury as to whether an employee defending a suit to set an award under the Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.) was injured in an accident, and whether his incapacity was the proximate result of the injury.

**3. Master and servant ⊕382—Settlement with compensation claimant held invalid.**

In view of Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—32, 5246—33, which provide that no agreement by an employee to waive his rights to compensation shall be valid and that liability may be redeemed by the payment of a lump sum by agreement, subject to the approval of the Industrial Accident Board, where payment for the period of disability passed was accepted in full settlement by an employee, who was still suffering from the effects of his injury, and the settlement was not referred to the Industrial Accident Board for confirmation, the settlement cannot be sustained.

**4. Master and servant ⊕396 — Pleading amount of compensation award essential to show jurisdiction of court.**

In suit in the district court to set aside an award of the Industrial Accident Board, allegations as to the amount in controversy should be in the petition to show jurisdiction of the court, as filing of the award with the clerk does not comply with the requirements that the petition should affirmatively show that the court in which it has been filed has jurisdiction of matters in controversy.

### On Motion for Rehearing.

**5. Master and servant ⊕417(5)—Pleadings in compensation case held to raise issue of failure of consideration of release.**

In suit to set aside an award of the Industrial Accident Board, where plaintiff pleaded that receipts signed by defendant were executed for a valuable consideration, and defendant pleaded the receipt of a small sum, but that he had never received further compensation, such plea taken in connection with the petition made the question of failure of consideration an issue.

**6. Pleading ⊕422—Requirement of verification may be waived.**

The requirement of Vernon's Sayles' Ann. Civ. St. 1914, art. 1906, subd. 10, which provides that an answer that a written instrument on which a pleading is founded is without consideration must be verified, may be waived, and plaintiff, by making no objection before trial, thereby waives it.

**7. Appeal and error ⊕192(2)—Sufficiency of affidavit to plea not first urged on appeal.**

The sufficiency of an affidavit to a plea cannot be questioned for the first time on appeal.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit by the United States Fidelity & Guaranty Company against Johnnie Farris to set aside an award of the Industrial Accident Board. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Sam J. Hunter and Chas. B. Stewart, both of Fort Worth, for appellant.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellee.

BUCK, J. On October 30, 1920, Johnnie Farris was working for Harkrider-Keith-Cooke Company, a wholesale produce house, and while riding on a delivery truck was injured. He was taken to the office of Drs. Trigg & Trigg, and Dr. Ross Trigg gave him immediate attention. Harkrider-Keith-Cooke Company were subscribers under the Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.), and had a policy of insurance in the United States Fidelity & Guaranty Company. Drs. Trigg & Trigg were the physicians employed by the latter company. During the latter part of the third week after the injury, Mr. Farris went to the office of Mitchell, Gartner & Walton, agents at Fort Worth of the insurance company, to get his weekly check for $11.54. There he was asked when he had seen the doctor last, and was told to go see the doctor and then the check would be given him. He went to Dr. Ross Trigg, who asked him how he was getting along, and he told the doctor he was very sore but was going to try to go to work. His injury was caused by a box of fruit falling on him, and bruising his side. The doctor told him that if he thought he was able to go to work, that he (the doctor) also thought he was able, and that he could go to the agents of the company and get his check, and that he would telephone to them. When Farris went to the agents' office, he was presented with the following receipt, which he signed, and the check was given him:

"Compensation Settlement Receipt. Industrial Accident Board, Austin, Texas. Notice: This receipt shall be executed in triplicate, one copy of which shall be kept by the employee, one copy by the insurance company, and one copy immediately filed with the Industrial Accident Board. Each space in receipt must be

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 16, 1923.

completely filled out and correctly dated at time of execution. Failure to observe above instructions will result in return of this receipt.

"Received of United States Fidelity & Guaranty Co., insurer for Harkrider-Keith-Cooke Co. of Fort Worth, Texas (name of city or town), the sum of eleven dollars and fifty-four cents, which sum together with weekly payments heretofore made to me, makes the total sum of thirty-four dollars and sixty-two cents in full settlement of compensation under the Texas Employers' Liability Act for all injuries sustained by me on or about the 30th day of October, 1920, while in the employ of the said Harkrider-Keith-Cooke Company, (name of employer) my incapacity having terminated. I was totally disabled 29 days and partially disabled —— days. Total number of weeks or days for which compensation has been paid $34.62. Johnnie Farris (signature of injured employee), Fort Worth, Texas (name of city or town). Dated this 27th day of November (month) 1920. Witness: Ethel Johnson (signature of witness).

Monday morning, thereafter, Farris ate a light breakfast and was ready to go to work, when he was taken seriously sick and began to vomit blood. Some of the witnesses say that he vomited from a quart to a gallon of blood. The evidence tends to show that from this time until the time of the trial, Farris has been totally incapacitated for labor of any kind. Subsequent to the injury and to the payment of the check hereinbefore set out, Farris appealed to the Industrial Accident Board, alleging in one count that he was induced to sign the receipt heretofore set out by the fraudulent representations of the doctor that he had fully recovered from his injury, and, in the second count, that such release was executed by him through the mutual mistake of the doctor and himself. The Industrial Accident Board, after due notice to the insurance company, and upon evidence and argument presented to it, awarded a sum to Farris, payable weekly. Thereupon the insurance company filed suit in the Sixty-Seventh district court of Tarrant county to set aside the award of the Industrial Accident Board.

In its petition, the company alleged that the Industrial Accident Board, although the evidence showed that Farris' disability was not the result of the injury received in the accident on October 30, 1920, had made an award against the plaintiff in this suit, which award was filed with the clerk of the court for jurisdictional purposes only. In no other part of plaintiff's petition is there any reference to the amount involved in this suit, nor is there otherwise contained any allegation tending to support the jurisdiction of the court. Following plaintiff's petition in the transcript, but apparently not made a part thereof, is what purports to be a copy of the judgment or award of the Industrial Accident Board, in which said Board finds that Farris was receiving at the time of his injury $19.21 a week, and is therefore entitled

to a weekly compensation of 60 per cent. of his weekly wages, to wit, $11.53; that he has been totally incapacitated by the injury sustained in the accident and will continue to be so incapacitated for an indefinite period. Hence the Board awarded him $11.53 a week, beginning November 7, 1920, and continuing thereafter down to and including the date of the award, and to continue in the future until and unless altered, changed, modified, or terminated by subsequent agreement between the parties in accordance with the provisions of the Employers' Liability Act and subject to the approval of the Industrial Accident Board, or until and unless altered, changed, modified, or terminated by subsequent agreement, order, award, judgment, or decree of the said Board, but in no event to continue for a longer period than 401 weeks from and after October 30, 1920.

The defendant answered plaintiff's petition and apparently assumed the burden of proof.

The trial court, in a trial before a jury, instructed the jury peremptorily for the plaintiff, the United States Fidelity & Guaranty Company, in which instruction was the following statement:

"Introduced in evidence in this case are the receipts and the releases which the defendant Johnnie Farris admits having executed. There is no evidence in the record showing that the receipts and releases were procured by fraud or that the same was the result of a mutual mistake. Having thus signed the same, the said Johnnie Farris is bound thereby."

Thereupon the jury found for the plaintiff, and Farris, the defendant, has appealed.

[1] If, as a matter of fact, as seems to be shown without contradiction, the appellee, at the time of the execution of the receipt of appellant, owed appellant for payments already accrued the amount paid him, there would be no consideration to sustain the release as an acquittance or discharge of any further liability. It is well-settled elementary, in fact—that an agreement, not supported by a consideration, for a creditor to receive a less sum than the whole, will not discharge the debt. Lanes v. Squyres, 45 Tex. 382; Rotan Grocery Co. v. Noble, 36 Tex. Civ. App. 226, 81 S. W. 586, writ denied; Woodall v. Life Ins. Co. (Tex. Civ. App.) 79 S. W. 1090; T. D. Humphrey v. Mrs. Annie D. McCarty, 251 S. W. 690, by this court, not yet published.

[2] The evidence is ample to raise an issue of fact as to whether Farris was seriously injured in the accident occurring on October 30, 1920, and that his subsequent condition of partial or total incapacity was the direct and proximate result of said accident. Not only did the defendant Mrs. Farris, and many of their neighbors and friends, testify to facts and circumstances tending to prove that the subsequent condition of Farris was the direct result of the accident, but Drs. Brannon,

Withers, and Cummins also testified in the case. They stated that they were three of the six physicians who examined Farris on April 10, 1921. Dr. Ross Trigg, Dr. Henry Trigg, and Dr. I. H. Chase were the others. Dr. Cummins testified that he had been the family physician of the Farris family for many years; that he had treated him continuously since the latter part of November, 1920; that in his opinion Farris had an ulcer of the stomach or a ruptured blood vessel, causing hemorrhages; that some of the symptoms of an ulcer of the stomach are that usually there is soreness or tenderness in the region of the stomach, in the region of the ulcer; nausea is one thing; pain is another, and an acid condition of the stomach contents is another; that he found all of these conditions except the acid condition; that he was never able to find any acidity; that trauma, an injury caused from outside force or violence, might cause an ulcer; that he knew no cause of the hemorrhage other than the accident or injury; that he, with the other doctors, signed a report to the Industrial Accident Board, in which was contained the following statement:

"The physical examinations and his symptoms do not disclose abnormalities sufficient to demonstrate the source of this hemorrhage. The physical findings and symptoms do not make tenable all the assumption of the presence of any of the usual causes of such hemorrhage. The only real relation between the accident and the hemorrhage seems to be a time relation—first accident of apparent minor nature, continued tenderness, and in 30 days hemorrhage. Tenderness, however, has continued after the hemorrhage and a fair condition of health been maintained, with no symptoms having any relation to the intake of food. In view of these facts the undersigned are unable to find any evidence that the hemorrhage was a result of the accidental injury."

That he signed this report, but that he had certain mental reservations at the time and attached them to the article; that one of the reservations was concerning the location of the injury.

Dr. H. O. Brannan testified that he was one of the six physicians who examined the defendant, and that they found increased blood pressure, both systolic and diastolic; that the patient was anæmic and weak; that ulcer of the stomach is the predominant cause of blood in the stomach resulting in hemorrhage; that in his opinion the patient has an ulcer of the stomach. There might have been an underlying condition besides the injury that would make the ulcer, and it might have been the exciting cause which hastened or brought to bear at once the development of the ulcer; that the injury suffered by Mr. Farris on October 30, 1920, might be the entire cause of his condition. but that he did not know that it was; that he could not tell whether the patient would ever get well or not, but did not believe he would.

All of the doctors testified that in their opinion there was not a better qualified number of physicians than those who examined Mr. Farris; that the report signed was not altogether his conclusion in the case; that the difference in his opinion then and his opinion now was that the injury was responsible for the hemorrhage, as an exciting cause of the hemorrhage; that he had examined fully the cause of hemorrhage and the symptomatology since then, and had come to the conclusion that the injury had something to do with the hemorrhage.

Dr. Ross Trigg testified that in his judgment the defendant was not seriously injured by the injury complained of, and that he treated him for a minor injury; that if the injury received was serious, he was mistaken in his diagnosis and treatment; that he was of the opinion at the time he discharged the defendant that he was well and able to go to work, and that he was still of that opinion.

This testimony is evidently conflicting upon the issue of whether the defendant was well or cured of any injury he received from the accident on October 30, 1920, or whether he was at the time of the trial in a serious condition of health as the direct or proximate result of the accident. We believe that the court improperly took this issue from the jury.

In Employers' Indemnity Corporation v. Woods, 243 S. W. 1085, by the Commission of Appeals, Section B, adopted by the Supreme Court, the court had before it a case where an employee had accepted $150 as a lump settlement of his claim for damages. By agreement with the attorney for the Indemnity Corporation, his attorney had filed suit in the justice court for $150, and judgment was awarded the claimant in that amount. The judgment was paid on the same day it was awarded. Subsequently, the claimant, being dissatisfied with the settlement, and alleging that he had not recovered from his injuries, and that the amount paid him had not been sufficient compensation therefor, applied to the Industrial Accident Board for further compensation. The Accident Board refused to recognize the judgment of the justice court, stating that it had jurisdiction of the matter, and had never approved the lump sum settlement in question and had not in any way surrendered its jurisdiction. Thereupon, the Accident Board awarded Woods a recovery of $9 a week for a period of 200 weeks, allowing credit for the weekly payments theretofore made and also the $150 paid through the justice court. On an appeal by the indemnity corporation, the district court sustained the award of the Accident Board, and upon appeal to the Court of Civil Appeals the judgment of the district court was affirmed. See 230 S. W. 461. The

Commission of Appeals, discussing the tenability of the plea of res adjudicata, interposed by the indemnity corporation, and discussing further the question of whether the justice court had jurisdiction of the controversy submitted to it, said:

"It must be remembered, in the very beginning, that this action is not one under the old common-law rules of liability or under the general jurisdiction of the courts. The relief here sought is not one based upon liability of the employer for injuries sustained by his employees as a result of his negligence. Rather it is a fixed compensation provided by law for the relief of those accidentally injured, even in the absence of any fault upon the part of the employer. It is a statutory matter entirely. The general administration of this law has been intrusted by our lawmakers, in their wisdom, to an Industrial Accident Board, composed of three experts. Texas made her first venture into this field of legislation in 1913. Laws 1913, c. 179. After a few years' experience with this initial act, the Legislature largely rewrote it, and in doing so passed what is known as the 'Compensation Act of 1917,' under which, with very minor amendments, we are now operating. So far as the case at bar is concerned, the act of 1917 alone is applicable. Under the terms of this act, we think it entirely clear that the original jurisdiction in matters of lump sum settlements was lodged by our Legislature in this Accident Board."

[3] Article 5246—32, Vernon's Civ. Stats. 1918 Supp., provides:

"No agreement by any employee to waive his rights to compensation under this act shall be valid."

Article 5246—33 provides that in case of death or total permanent incapacity, the liability of the association, or, as in this case, the insurance company, may be redeemed by the payment of a lump sum by agreement of the parties, subject to the approval of the Industrial Accident Board, "this section shall be construed as excluding any other character of lump sum settlement save and except as herein specified." The settlement attempted to be made by Farris and the appellee company cannot be sustained if in fact at the time of the settlement Farris was still suffering from the effects of his injury, and has continued since said time to suffer therefrom. The payment for the three weeks already passed was a payment for that period and no more, and no consideration is shown to sustain the release for any subsequent suffering or incapacity, which the defendant may have endured as the direct or proximate result of the injury. S. F. T. Ry. Co. v. Industrial Accident Commission, 180 Cal. 121, 179 Pac. 386; Hines v. Industrial Accident Commission, 182 Cal. 359, 188 Pac. 277; Clarkson v. Milling Co., 145 Minn. 489, 175 N. W. 997, 176 N. W. 960. Nor can it be sustained as a lump sum settlement inasmuch as it was not referred to the Industrial Accident Board for confirmation. The Workmen's Compensation Act is remedial, intended primarily for the protection of employees and to guarantee compensation in case of injury or death, regardless of the liability on the part of the employer under the common law or other statutory liability. It seeks to relieve employees of the harsh common-law defenses of assumed risk, contributory negligence, and the fellow-servant doctrine. Electric Co. v. Woods (Tex. Civ. App.) 230 S. W. 498; American Indemnity Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949; Western Indemnity Co. v. Leonard (Tex. Civ. App.) 231 S. W. 1101; Lumbermen's Reciprocal Association v. Behnken (Tex. Civ. App.) 226 S. W. 154; 28 R. C. L. p. 759, § 54. Courts should not ignore the general beneficent purposes of the Workmen's Compensation Act, and should construe its different provisions so that its benign purposes may be satisfactorily accomplished.

[4] The trial court sustained the plaintiff's exception to the paragraph of the defendant's answer which pleaded the award of the Industrial Accident Board. Appellant here asserts that it was essential in order to show the jurisdiction of the court to plead that the amount awarded by the Accident Board, and from which award an appeal was taken by the plaintiff, was within the jurisdiction of the district court. If upon another trial the award of the Accident Board should be made a part of the pleadings, as of plaintiff or defendant, it will not be necessary to plead in defendant's answer the terms of the award. We think some allegation as to the amount in controversy should be in plaintiff's petition to show jurisdiction of the court, and that a filing of the award with the clerk of the court does not comply with the requirements that the petition should affirmatively show that the court in which it has been filed has jurisdiction of the matters in controversy.

For the reasons given, the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.

### On Motion for Rehearing.

[5] In its motion for rehearing, appellee urges that we were in error in our original opinion in applying the rule that an agreement not supported by a consideration for a creditor to receive a less sum than the whole will not discharge the debt. It is urged that a written instrument, such as the receipts executed by the appellant to the appellee herein, imports a consideration, and that the appellant did not plead in the court below a failure of consideration, nor was such plea verified, as is required under article 1906, subd. 10, V. S. Tex. Civ. Statutes, in effect providing that an answer that a written instrument upon which a pleading

is founded is without consideration, or that the consideration of the same has failed in whole or in part, must be verified. Plaintiff below, in its supplemental petition, and in the sixth paragraph thereof, specially pleaded that the receipts signed by defendant were executed for a valuable consideration, thus making the issue of consideration one of fact. The defendant pleaded as follows:

"The defendant would further show to the court that on or about the 13th day of November, A. D. 1920, he received from this plaintiff the sum of $11.54; that on the week following he received a like amount, and again on the 27th day of November he received a like amount from the plaintiff herein, and that he received from this plaintiff a total sum of $34.-62 compensation for his injury, and that he has never received any further compensation."

[6, 7] We conclude that in effect the defendant pleaded the facts which constituted a failure of consideration, and his pleading, taken in connection with the plaintiff's pleading, made the question of failure of consideration an issue. The verification of a pleading, when required by statute, may be waived. A plaintiff who makes no objection before trial waives the affidavit required by statute verifying the plea of failure of consideration. Ashcroft v. Stephens, 16 Tex. Civ. App. 341, 40 S. W. 1036, and cases there cited; Williams v. Bailes, 9 Tex. 61; Wilkinson v. Lyon (Tex. Civ. App.) 207 S. W. 638; .W. U. Tel. Co. v. Smith, 61 Tex. Civ. App. 531, 130 S. W. 622; Hightower v. Price (Tex. Civ. App.) 244 S. W. 652; Dyer v. Winston, 33 Tex. Civ. App. 412, 77 S. W. 227. In the last-cited case it was held that the sufficiency of an affidavit to a plea cannot be questioned for the first time on appeal. Therefore we conclude that the objection raised must be overruled.

In its motion, appellee refers to our discussion of the failure of plaintiff below to allege any amount involved which would bring the cause within the jurisdiction of the district court. It cites the case of Texas Employers' Ins. Ass'n v. Downing (Tex. Civ. App.) 218 S. W. 112, as authority for the plaintiff's action in filing with the clerk of the district court for jurisdictional purposes the award of the Industrial Accident Board. In this case, on page 120 of 218 S. W., the Amarillo Court of Civil Appeals says:

"Complaint is made by the eleventh assignment of the introduction by appellee in evidence before the jury of the final award and ruling of the Industrial Accident Board. By the terms of this award, the Accident Board found that the claimant had been injured; that his injury resulted in total incapacity, and an award of weekly compensation was ordered to be paid until further order of the board. As we have already seen, the trial, when the case is taken into the courts, is de novo, and the burden of proof is upon the party claiming compensation. While the petition in such suit should refer to the proceeding before the Industrial Accident Board, in order to show the jurisdiction of the court and it would, perhaps, be necessary to file a certified copy of the award in such proceeding, the question of jurisdiction is for the determination of the court, and the award of the board is immaterial to any issue that is to be tried by the jury, and is no more admissible in evidence before it than the transcript of the judgment on the trial of an appeal before the justice's court, in which case it is held that it is improper to introduce in evidence before the jury or refer to the findings in the justice's court. Kelley v. Fain, 168 S. W. 869."

We do not understand that we are in conflict with the cited cases in what we have said with reference to the necessity of alleging an amount involved coming within the jurisdiction of the court. The court in the last-cited case had before it the question of whether the award of the Industrial Accident Board was admissible in evidence, and not whether such award should be attached to the pleading as an exhibit, or whether the plaintiff appealing from the award of the Industrial Accident Board should be required to allege an amount involved within the jurisdiction of the trial court.

The motion for rehearing is overruled.