**TAYLOR et al. v. LOWE et al.**

No. 13255.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 1, 1935.

Fred T. Arnold, of Graham, and Hunter P. Lane, of Fort Worth, for appellants.

E. G. Thornton, of Olney, for appellees.

MARTIN, Justice.

On August 8, 1934, plaintiffs J. T. Lowe and others filed their petition in the district court of Young county, seeking the cancellation of an oil and gas lease executed by them to defendant Blanche Taylor, on May 17, 1934. The alleged consideration for the lease was the drilling of a well on the land, which was described in the petition. The development covenant in the lease was as follows: "If drilling operations are not commenced on said land on or before 30 days from this date, this lease shall then terminate as to both parties."

The plaintiffs' petition contained two counts; the first being in ordinary form of trespass to try title, while the second count pleaded the lease contract, the provision above quoted, and alleged a complete failure on the part of defendants to drill or to begin to drill a well within the agreed time, and prayed for a cancellation of the lease and for removal of cloud upon their title created by said lease. It also alleged that codefendants P. G. Craig and F. F. Craig were claiming some sort of right or title to the lease, and made them parties defendant.

Being duly cited, the defendants by attorney, L. H. Brittain, on August 29, 1934, filed their answer, consisting of a general exception and a general denial. The case was due to be tried at the September, 1934, term of the district court for Young county.

At the beginning of the September term when the case was called, one of the defendants, P. G. Craig, was present and requested the court to set the case for September 17th, explaining to the court that his attorney, Mr. Brittain, was in California, and the case was accordingly set for that date. Later on, in response to a letter from attorney Brittain, the court reset the case for October 1, 1934.

Evidently the defendants abandoned the hope of securing the attendance of attorney Brittain, for on or about the 24th of September another attorney called the court by telephone, stating that he was looking after the case for defendants. He was informed by the court that the case was set for October 1st. No further steps were taken in the matter and no other pleadings were filed, when, on October 1st, the case was called, the plaintiffs appeared in person and by their attorney. None of the defendants appeared, but on the night before the trial one of them called Mr. Shelby Boling, a member of the Graham bar, and

through him stated to the court that he was unable to attend on account of sickness and that one of his witnesses had been called to attend another court. The court thereupon tried the case in the absence of the defendants and rendered judgment for the plaintiffs for cancellation of the lease as prayed for in their petition. The evidence in the transcript of testimony fully supports the judgment rendered.

On October 3d, counsel for defendants filed a motion for a new trial upon the grounds of sickness of Dr. F. F. Craig, one of the defendants, and absence of a Mr. Green, a witness for defendants, as well as the absence of attorney Brittain who was out of the state, and they represented that they did not know he would be absent until just a short time before the trial, and they did not have time to secure the services of another attorney in the case. They also alleged in a general way that they "have a valid and legal defense to the issues in this suit, as they will prove up if given an opportunity to do so." Three days later, on October 5, 1934, defendants filed an amended answer in the papers in the case, in which they renewed their general exception and general denial and specially pleaded that they attempted to discharge the obligations of the lease contract but were prevented from fully performing the same through the action of one of the plaintiffs together with one H. W. English, who set up some claim to the lease by suit in court.

The plaintiffs filed an answer to defendants' motion for a new trial on December 14, 1934. In the meantime, the defendants, on October 5, 1934, filed an amended motion for a new trial. These contentions were heard by the court on December 17, 1934, and motions to set aside the judgment and grant a new trial were overruled by the court, after hearing testimony and argument of counsel, and the defendants excepted and gave notice of appeal to this court.

 The appellants filed no specific assignment of error, but in their brief announce that they will "use as their assignment of error their first amended motion for a new trial," and then they copy said motion in the brief. But the propositions set forth raise a number of questions not contained in the motion. However, we have waived any technical question arising therefrom and considered all questions as if they had been raised in the trial court, and our conclusion is that no reversible

error is presented. The defenses, if any existed, were not shown to the court in such a way as to show that he abused his discretion in refusing to grant a new trial and reopen the case. No good reason was shown why two of the three defendants could not have been present at the trial. Postponements were granted for their accommodation, and two settings were made at their request. It will be remembered that up to the time of trial no pleadings had ever been filed by the defendants, except a general denial and a general exception. The questions going to the sufficiency of the plaintiffs' petition were all raised after the trial. That they then came too late has been held by this court in the case of Wilkinson et al. v. Lyon et al., 207 S.W. 638, and also in the case of Farris v. United States F. & G. Co., 251 S.W. 612. That the granting or refusing of a motion for a new trial is a matter within the sound discretion of the trial court is expressly held in the case of Employer's Reinsurance Corporation v. Brock (Tex.Civ.App.) 74 S.W.(2d) 435, and his action will not be reversed unless it is affirmatively shown he has abused his discretion. Many other authorities to the same effect could be cited.

Believing that the trial court did not abuse his discretion in refusing to reopen the case, we affirm the judgment rendered.