### E. J. ASHCROFT V. R. B. STEPHENS.

Decided May 19, 1897.

1. **Failure of Consideration—Plea—Verification—Waiver.**

    . Failure of defendant to verify by affidavit a plea of failure of consideration, as required by the statute, is waived where plaintiff goes to trial without excepting to it on that ground, but urges his objection to evidence offered to sustain the plea.

2. **Same—Cases Discussed.**

    Pickett v. Abney, 84 Texas, 648, dissented from; cases holding an unverified plea of non est factum or denial of partnership insufficient distinguished, because such pleas change the burden of proof; and Rankert v. Clow, 16 Texas, 10, and later cases to same effect followed.

APPEAL from Bell. Tried below before Hon. W. A. BLACKBURN.

*Harris & Saunders,* for appellant.—1.   Where a plea impeaching the consideration of a note in writing is filed unsupported by affidavit, the

plaintiff must except before going to trial, or it will be deemed that he waived the affidavit. Sayles' Texas Pl. (ed. of 1893), sec. 267; 4 Willson, C. C., sec. 499; Drew v. Harrison, 12 Texas, 279; Williams v. Bailes, 9 Texas, 61; Crayton v. Munger, 9 Texas, 291; Rankert v. Clow, 16 Texas, 9; Gaines v. Salmon, 16 Texas, 311; Gildart v. Grumbles, 22 Texas, 15; Powers v. Caldwell, 25 Texas, 352; Booth v. Pickett, 53 Texas, 438; Carter v. Roland, 53 Texas, 548; Johnson v. Granger, 51 Texas, 45; Railway v. Preston, 74 Texas, 181; Tillman v. Fletcher, 78 Texas, 676; Black v. Drury, 24 Texas, 290.

2. Unless the pleadings are a nullity, an objection to their sufficiency comes too late after the pleadings are read to the jury and all evidence has been introduced; and if then entertained by the court, amendment ought to be allowed to correct the defects; and the defendant's answer was not a nullity. Williams v. Bailes, 9 Texas, 61; Crayton v. Munger, 9 Texas, 291; Rankert v. Clow, 16 Texas, 9; Gaines v. Salmon, 16 Texas, 311; Gildart v. Grumbles, 22 Texas, 15; Powers v. Caldwell, 25 Texas, 352; Booth v. Pickett, 53 Texas, 439; Carter v. Roland, 53 Texas, 548; Johnson v. Granger, 51 Texas, 45; Railway v. Preston, 74 Texas, 181; Tillman v. Fletcher, 78 Texas, 676.

*A. M. Monteith*, for appellee.—An unsworn answer setting up an entire or partial failure of consideration is a nullity, and is not a basis for the introduction of testimony. The heading of article 1265, Revised Statutes, which is applicable to the twelve clauses following, reads as follows: "An answer setting up any of the following matters, unless the truth of the pleadings appear of record, shall be verified by affidavit." On the clause relating to failure of consideration, see Roane v. Ross, 84 Texas, 46. Evidence of failure of consideration without plea supported by affidavit is inadmissible. Pickett v. Abney, 84 Texas, 645; McCormick v. Slover, 15 S. W. Rep., 105. On clause that there is another suit pending in this State between the same parties, for the same cause of action: Leigh v. Wagenbuhr, 2 Posey's U. C., 295. On clause as to denial of partnership: Railway v. Wilson, 7 Texas Civ. App., 128; Railway v. Wilbanks, 7 Texas Civ. App., 489; Railway v. Grant, 26 S. W. Rep., 288; Railway v. Edlof, 34 S. W. Rep., 414; Railway v. Tisdale, 74 Texas, 8. On clause as to plea of non est factum: Railway v. Wilson, 7 Texas Civ. App., 128; 26 S. W. Rep., 131; Car Co. v. Booth, 28 S. W. Rep., 719; Railway v. Tisdale, 74 Texas, 8; McCormick v. Slover, 15 S. W. Rep., 105; Water Co. v. Kelley, 32 S. W. Rep., 436; Savings and Loan Co. v. Nall, 36 S. W. Rep., 323; Bradford v. Taylor, 61 Texas, 508; Water-works v. White, 61 Texas, 538. On clause as to denying genuine indorsement or assignment of written instrument: Grounds v. Sloan, 73 Texas, 662. 4 Willson, C. C., sec. 499; Williams v. Bailes, 9 Texas, 61; Powers v. Caldwell, 25 Texas, 352; Drew v. Harrison, 12 Texas, 279, refer to and construe a former statute of Texas relating to the failure of consideration at a time when the denial of partnership and pleas of non est factum, failure of consideration, and other sworn pleas were each regulated by separate and distinct stat-

utes, and not, as at present, when each of said pleas is provided for and regulated in the same wording and in the same statute, and as to each of said pleas there is no modifying or qualifying word or clause except as to subdivision 10 of said article 1265, relating to the indorsement or assignment of a written instrument.

Statutes relating to pleas non est factum: Pasch. Dig., arts. 1442, 1443; Act December 10, 1863, substitute for Act May 13, 1846; statute relating to presumptions as to partnerships: Pasch. Dig., art. 1444; Act December, 1863, substitute Act May 13, 1846. As to plea of failure of consideration: Pasch. Dig., art. 228; Act May 13, 1846.

Article 1265, Revised Statutes, in which the following language is used, "An answer setting up any of the following matters, unless the truth of the pleadings appear of record, shall be verified by affidavit," which is followed by twelve subdivisions, each setting forth a particular matter, to which said heading is applicable, will be entitled to the same interpretation as to each particular matter referred to, and as to each subdivision therein; and when the meaning, force, and effect of such heading, which heading is applicable to each subdivision, is fixed and determined by authoritative decision of the court as to one of said subdivisions, then such heading shall have the same meaning, force, and effect as to each and every other subdivision of the same statute. Suth. Stat. Const., secs. 241, 247, 253, 255, 287, 288, 319.

COLLARD, ASSOCIATE JUSTICE.—The judgment of the lower court must be reversed.

The suit was brought by R. B. Stephens against appellant, E. J. Ashcroft, for balance due on two promissory notes, each for $608.33, and to foreclose vendor's lien on 157 acres of land, for part payment of the purchase of which the notes were given. The notes were executed by E. J. Ashcroft to R. B. and P. H. Stephens, and the deed was executed by them and their wives to Ashcroft, dated November 29, 1886, containing a general warrranty of title. The land was sold by the acre at $15 per acre. Other persons holding by superior title were in possession of 14½ or 16½ acres of the 157 acres of land conveyed by the Stephenses to Ashcroft, which fact was unknown to him at the time of the purchase, but thereafter, having taken possession and placed improvements on the land, he had it surveyed, and discovered that others were in possession of a part of the land as stated. He immediately claimed indemnity for the shortage, but it was not allowed. The notes were transferred by P. H. to R. B. Stephens, who has sued for all the balance due, admitting certain payments thereon. Ashcroft paid $500 cash when he bought the land, and afterwards paid on the notes, December 5, 1891, $125; January 10, 1894, $34.04; November 13, 1894, $490, all on the note first maturing; and $100 December 5, 1891, on the note last maturing. The Stephenses after being informed by Ashcroft of the deficit in the number of acres of the land, promised to adjust it, but failed to do so.

Defendant pleaded the foregoing facts, and claimed a failure of con-

sideration to the amount of the purchase price of the 14½ acres of land at $15 per acre.

It is not necessary to state other matters concerning the case. The parties went to trial, and the evidence tended to establish the facts as stated above. The court instructed the jury to return a verdict for plaintiff for the amount due on the face of the notes, after deducting the payments thereon, ignoring defendant's plea of part failure of consideration and the testimony tending to establish the same, and refused the charges asked by defendant submitting the issue to the jury. The jury returned a verdict as directed, and judgment was rendered accordingly foreclosing the lien on the land, from which defendant has appealed.

The court evidently treated the plea of part failure of consideration as a nullity, because it was not verified by affidavit as required by statute.

The question to be decided is: Was the plea a nullity? Or had not the defect—the want of affidavit—been waived by the plaintiff, no objection having been made for that reason, both parties having gone to trial, and the evidence having been offered and the trial having progressed so far without objection to the insufficiency of the plea? Appellant contends that the defect had been waived, and we believe he is right. The statute declares that an answer setting up "that a written instrument upon which a pleading is founded is without consideration, or that the consideration of the same has failed in whole or in part, shall be verified by affidavit." In the case of Williams v. Bailes, 9 Texas, 61, the question was considered, and it was held that if plaintiff intended to object to the plea for want of affidavit, he should have done so before going to trial, or it will be deemed that he waives the affidavit.

The statute in force at that time was as follows: "No plea impeaching the consideration of any instrument or note in writing shall be advanced unless supported by affidavit of the defendant, or some person for him, stating that the facts set forth in the plea are true." The Chief Justice, Hemphill, noted the fact that the oath was declared to be a positive legal requisite of the plea, but said that it was a requirement for the benefit of the plaintiff, and not of the defendant, and the plaintiff could waive it. "He could no doubt waive it expressly, and if he do so by implication he must be bound by his own acts." He shows the injustice to defendant of refusing his evidence on the plea wanting the affidavit, after going to trial. He says: "As a general rule all exceptions touching the legal sufficiency, whether of form or substance, of the pleading of the parties, should be taken before they go to trial upon the issues of fact. If an objection were subsequently allowed it might operate as a surprise, and greatly to the injury of a party, especially as he is then precluded from curing the defect by amendment. Had the objection in this instance been taken before the trial, the defendants might, had the court permitted and no delay been occasioned, have amended their plea by their oaths; but from the chance of this benefit they are now excluded and their defense, however meritorious it may be, can not avail them." In the case at bar no objection was ever made by the plaintiff. The

evidence was all before the court, and then the court so charged as to exclude the defense upon the ground that the plea without the oath was a nullity. It was not a nullity; it could have been amended, if tested before trial, on the facts.

In Rankert v. Clow, 16 Texas, 10, defendant pleaded payment and in reconvention not sworn to; and there was a trial and a new trial granted, and at the next term plaintiff moved to strike out the answer because it was not sworn to. It was held that the oath had been waived by going to trial at the former term without objection. The defense, in the case cited, was to foreclosure of a mortgage, which under the statute in force at the time was required to be sworn to.

Objections to the form of a defense must be taken and disposed of by exception before trial, and can not be made to the admission of testimony, and certainly not in the charge of the court of its own motion after the defense has been proved. Gaines v. Salmon, 16 Texas, 311; Powers v. Caldwell, 25 Texas, 352; Booth v. Pickett, 53 Texas, 436; Johnson v. Granger, 51 Texas, 44; Tillman v. Fletcher, 78 Texas, 674.

It has been held by the Court of Appeals that the defect of want of oath in plea of failure of consideration must be taken advantage of by special exception. Stegall v. Levy & Co., 3 Willson C. C., sec. 469.

In the case of Nasworthy v. Draper, 29 Southwestern Reporter, 564, this court decided that the omission of affidavit to the plea of failure of consideration could not be reached by general demurrer, but that the omission must be specially excepted to, and that the defect was waived unless so specially noticed. We believe the true doctrine is expressed in the authorities above referred to.

In the case of Pickett v. Abney, 84 Texas, 648, it is briefly stated that, "Evidence of the fact of no consideration under a plea not sworn to was inadmissible." Evidently the question of waiver was not considered. None of the authorities were discussed or referred to except the statute requiring the plea to be verified by oath. In so far as it is in conflict with our views as expressed herein, we think it ought to be overruled.

Appellee cites us to many cases holding that a plea of non est factum or denying a partnership is a nullity if not sworn to, and that consequently evidence can not be admitted under it and that it will not support a judgment.

There is a distinction between the plea of non est factum and failure of consideration. In the former the effect of the plea is to change the burden of proof, requiring the plaintiff to prove the execution of the note or instrument sued on, and in the latter it merely permits the defendant to establish his defense by proof. Chief Justice Hemphill, who delivered the opinion in the case of Williams v. Bailes, 9 Texas, 63, calls attention to this distinction in the later case of Drew v. Harrison, 12 Texas, 281; and while in no wise modifying the rule established in Williams v. Bailes, which holds that the oath to the plea of failure of consideration may be waived inferentially, distinctly declares that the oath can not be waived to a plea of non est factum, or, more definitely, a

denial of a partnership. The distinction rests upon the difference in the effect of the two pleas. In order to force a greater burden on the plaintiff than his own pleadings imposed, the statute requiring the oath must be complied with in the letter to make it a plea at all; while in the other plea, which puts no additional burden on the plaintiff, but merely makes the issue upon which defendant may offer proof, the statutory oath may be waived. The rules in the two pleas and the reasons given for them have been long adhered to in this State, and they are satisfactory to us. We must therefore hold that in this case the plaintiff waived the affidavit to defendant's plea of part failure of consideration, and that the court below erred in ignoring it and the proof thereunder in his charge; for which error the judgment must be reversed, and it is so ordered.

*Reversed and remanded.*