GEORGE M. ONEAL v. S. WEISMAN ET AL.

Decided May 27, 1905.

**1.—Vendor and Purchaser—Misrepresentations—Value—Opinion.**

Representations of the vendor as to the value of the property are, as a general rule, matters of opinion, and the purchaser is not expected to rely thereon, but upon his own judgment.

**2.—Same—Exception—False Representations.**

Where, however, there is a fiduciary relation between the parties, or the situation is such that the purchaser has not an equal opportunity of forming a correct judgment and is ignorant of the true conditions, but is induced to rely upon such statements and to purchase by reason of his faith therein, then the vendor may be held liable as for false representations.

**3.—Same—Example—Reliance by Purchaser.**

Statements that the land was good, fertile land, very productive and would raise corn, cotton, fruits and vegetables, and had a sawmill on it in good order and running daily, were statements of facts such as, if false, afforded the purchaser ground of relief, provided the circumstances were such as warranted him in relying on them, and he did rely on them.

**4.—Pleading—Verification—Failure of Consideration—Waiver.**

It is not a tenable objection to evidence in support of a plea of failure of consideration that the plea is not verified, if no exception to the plea was urged on that ground, as the want of verification will be considered as having been thereby waived.

**5.—Practice—Immaterial Evidence in Rebuttal.**

A party will not be heard to complain of the admission of immaterial testimony which was in rebuttal of testimony introduced by himself.

**6.—Evidence—Explanation of Letter.**

Where there was an issue as to whether the purchaser was to take a stock of goods at prime cost with 10 percent added, and there was testimony that the goods were marked at prime cost in some instances with 20 percent and more added, and a letter from him, referring to, but not embodying the contract, contained the expression, "and take your stock at marked prices," he was entitled to explain what he intended by the language, and that he meant at cost in the Eastern market, with 10 percent added.

**7.—Vendor and Purchaser—Representations Innocently Made.**

The fact that false representations were innocently made by the vendor will not prevent them from affording ground of relief to the purchaser if he relied on them and was thereby induced to make the trade.

Appeal from the District Court of Collin. Tried below before Hon. J. M. Pearson.

*Garnett & Smith,* for appellant.—1. The effect of the plaintiff's pleading was to set up a failure of consideration; his pleading was not sworn to; under article 1265 of the Revised Statutes, in order to present an issue, the pleadings must have been sworn to, and the evidence objected to was therefore wholly irrelevant and immaterial to any issue in the case. Drew v. Harrison, 12 Texas, 281; Lee v. Hamilton, 12 Texas, 417; Grounds v. Sloan, 73 Texas, 664; Strain & Swinburn v. Manufacturing Co., 80 Texas, 622.

2. The court erred in refusing to allow the defendant, while he was

upon the witness stand, to explain to the jury what he meant and intended by the following clause in the letter written by the defendant to plaintiff, "and take your stock at marked price." That he meant and intended by the expression in said letter, that he would take the stock at the cost in the Eastern markets with 10 percent added thereto. The letter was written prior to the trade and had been read in evidence by the plaintiff in opening his case; the expression used in the letter, "And take your stock at marked price," is ambiguous and the defendant had the right to explain to the jury what he meant by the expression used. The language used in the letter did not state what cost mark was meant, whether the original cost mark with 10 percent added or the original cost and more than 10 percent added, and the court erred in excluding the testimony of the witness as to which was meant by the expression used. Thomas v. Hammond, 47 Texas, 42; Johnson v. Elmen, 94 Texas, 168; Jones v. Railway Co., 82 Texas, 62; Bradley v. Steam Packet Co., 13 Pet., 89 (L. ed.), Book 10 p. 72 and note; Railway Co. v. Pittman, 23 S. W. Rep., 318; Life Insurance Co. v. Lewis, 187 U. S., 346; (L. ed.) Book 47, p. 210; Weir Plow Co. v. Evans, 24 S. W. Rep., 38; 2 Phil. Ev. 772 (8 Lond. Ed.); 4 Waits A. & D. bot. 528.

*Church & Doyle* and *Abernathy & Mangum,* for appellees.—1. Objection that plea of failure of consideration is not sworn to must be made before trial commences or affidavit will be considered waived. Ashcroft v. Stephens, 16 Texas Civ. App., 341; Williams v. Bailes, 9 Texas, 63; Capps v. Olive, 20 S. W., 471; Ranger v. Clow, 16 Texas, 10.

2. The statements of appellant, relating to value of land sold plaintiff by defendant, taken in connection with other statements made by him, were a false representation of existing conditions, and were not merely expressions of opinion, and the testimony, showing that such statements were false and were relied upon by appellant to his injury, was properly admitted. Kemper v. Wallace, 11 Texas Civ. App., 517; Mitchell v. Zimmerman, 4 Texas, 79; Hume v. Steele, 59 S. W. Rep., 812; Demees v. Bluntzer, 70 Texas, 407; 2 Hill on Torts, 138; Cooley on Torts, 175.

3. There was no ambiguity in the expressions used in the letter which was ruled out by the court; therefore it did not require explanation. Building Association v. Hann, 36 S. W. Rep., 313; A. J. Anderson Electric Co. v. Cleburne Water Co., 44 S. W. Rep., 929; Delgado v. Gonzales, 28 S. W. Rep., 459.

RAINEY, CHIEF JUSTICE.—There was a deal made between George M. Oneal and S. Weisman, by which S. Weisman transferred to Oneal blocks 29 and 30 in the town of McKinney, upon which Weisman resided, and a stock of goods, wares and merchandise located in said town. In consideration therefor Oneal transferred to Weisman 3365½ acres of land in Morris County, executed his note for $1,400, and assumed the payment of two notes owing by Weisman, one for $1,600, owing to W. B. Newsome, and the other for $500, owing to L. L. Elliott.

A lien was reserved on said two blocks of land in McKinney to secure the payment of said notes. The $1,400 note becoming due and default in its payment being made by Oneal, suit was brought to recover thereon by Weisman and to foreclose the lien, and· also prayer that the said land be sold and the proceeds be applied to the payment of all òf said notes. All necessary persons were made parties to the suit.

Oneal answered, setting up a failure of consideration, fraud by Weisman in making certain misrepresentations as to the stock of goods, etc. Weisman replied by alleging fraud by Oneal in making certain misrepresentations as to the value, fertility, etc., of the land, and as to the condition and volume of business done by a certain saw mill on the land, etc.

The jury returned the following verdict: "We, the jury, find for the plaintiff, Weisman, in the sum of.....................$2,035.57
Less the amount of ................................. 324.40

Judgment for . . . ...............................$1711.17"

Also in favor of Newsome and Elliott on the notes due them, and a foreclosure of the lien on the two said blocks of land in McKinney for all the notes due, the note of Newsome to have preference. From this judgment Oneal appeals.

The note due W. B. Newsome for $1,600 was executed by Weisman to Maggie Mathews. Newsome was interpleaded by both Weisman and Oneal, and there is no contention here that said note is not due and payable, nor any assignments as to the judgment not being correct as to said note. The judgment as to Newsome will therefore be affirmed.

Further discussion herein will relate to the matters between Weisman and Oneal. Appellant objected to the admission of Weisman's testimony that Oneal told him prior to the trade that the Morris County land was good, fertile land, very productive; would raise corn, cotton, fruits and vegetable, and was well worth $15 per acre; that there was a saw mill running daily, and it was in good order and of the value of $5,000. The objections were that plaintiff's pleadings were not verified, there being a plea of failure of consideration, and such evidence was irrelevant and immaterial, and its tendency was to prejudice the defendant's case.

The rule is that where a party is trying to effect a sale of his property it seems he has the right to puff the same in the most extravagant manner, and to exalt the value to the highest point the vendee's credulity will bear. The vendee, in such cases, is not expected to place confidence in such statements, and if he does, it is not sufficient upon which to base an action for damages, it matters not how false they may be. Such statements are regarded as mere opinions, and the purchaser is not expected to rely thereon, but must rely on his own judgment.

The foregoing is based on the proposition that the parties to a contract stand upon an equal footing and their opportunities for knowing the facts or forming judgment as to the true condition of the property are equal. Where, however, there is a fiduciary relation existing between the parties, or where the situation of the parties is such that the purchaser has not an·equal opportunity of forming a correct judgment

and is ignorant of the true conditions, but is induced to rely upon such statements and to purchase by reason of his faith therein, then "the vendor may be held liable as for false representations, because by them the purchaser has fraudulently been induced to forbear inquiry as to their truth." (2 Warvelle on Vendors, sec. 946.)

As it is difficult at times to distinguish opinions from statements of facts, the general rule, as above stated, must be accepted with some qualification. Mr. Warvelle, section 947, states the distinction as follows: "Thus, if the vendor, knowing them to be untrue, makes statements with the intention of misleading the vendee, and if the latter, relying upon them, is mislead to his injury; or if he induces the vendee not to make inquiries with respect to value or any extrinsic facts affecting values, or makes statements in such a manner that the vendee, instead of being put on inquiry, is put off his guard, it has been held that a substantial right to recover damages is created, or the vendee may, at his option, avoid the contract. To effect this, however, the representations must as a rule be coupled with other circumstances; as where they are fraudulently made of particulars in relation to the estate which the vendee has not equal means of knowing, and where he is induced by the vendor's artifice to forbear inquiries which he would otherwise have made; but whether a representation as to value is merely an expression of opinion or belief, or an affirmation of fact to be relied on, is a question for the jury, and should properly be left to their decision. Again, while the purchaser must rely upon his own judgment in questions of value, yet in regard to any extrinsic facts affecting the quality or value of the subject of the contract he may rely upon the assurances of the vendor; and if he does so rely, and those assurances are fraudulently made to induce him to enter into the contract, he may maintain an action for the injury sustained."

From the circumstances shown by the evidence, the statement as to the value was but the expression of Oneal's opinion and upon which an action of fraud could not be predicated. As to the statements of Oneal as to the fertility, etc., of the land and as to the qualities of the saw mill, we think such were statements of facts which, if false and were relied on and induced the purchase by Weisman, were admissible in evidence. But whether or not they would constitute fraud and be sufficient upon which to base an action of deceit, depends upon whether or not the situation under the circumstances surrounding the parties warranted Weisman in relying on such statements and that he did so rely thereon. If the facts show that he was not so warranted, or did not rely thereon, then the court should have excluded said testimony, though it had been admitted before the facts were fully developed. If it does not conclusively appear, then it is a question to be submitted to the jury.

The objection urged that Weisman's plea was not verified, we do not think tenable. The defendant filed no exception to the plea for want of being verified, and under such circumstances such objection to evidence will not be heard because the want of verification will be considered waived. (Ashcroft v. Stephens, 16 Texas Civ. App., 341.)

The foregoing also disposes of the assignments relating to the testimony of witnesses Enloe and Rambo, as to the value of the land, and

shows that such testimony was immaterial on any issue and was therefore inadmissible, but it seems that the testimony of these witnesses was introduced in rebuttal of testimony introduced by defendant. Such being the case, defendant will not be heard to complain.

The trial court should not have allowed the introduction in evidence of the proceedings in the matter of the guardianship of Reynolds Oneal on the question of value. It seems the only issue upon which said proceedings were material was that of title in Reynolds Oneal to the land, and that issue was not raised. An issue was raised as to whether or not Oneal was to take the stock of goods at prime cost with ten percent added, there being testimony that the goods were marked at prime cost in some instances with 20 percent and more added. In support of Weisman's contention he introduced a letter written by Oneal to him during the negotiations and before the trade was closed, in which was used the following expression, "and take your stock at marked price." In explanation of this expression Oneal offered to show what he intended by said language, that is, that he meant he would take the stock at the cost in the Eastern market, with 10 percent added thereto. Objection was made which was sustained by the court.

We think the court erred in this. Oneal pleaded that the trade was that he was to receive the stock at cost price, plus 10 percent, and further that after the invoice was prepared plaintiff represented to him that the invoice showed the goods at cost and 10 percent added. It seems the letter was not the basis of the trade. It does not show the details of the trade, nor the understanding of Oneal as to how the goods were marked. The letter does not state how the goods were marked, and if Oneal was laboring under a wrong impression in that regard, he should be allowed to show it. The testimony was admissible.

The court, in effect, charged the jury that in order for Oneal to recover damages it was necessary for them to believe that Weisman intentionally made false representations to Oneal, which induced him, Oneal, to make the trade. This is correct, as far as it goes, but it stops short of the full law that entitled him to recover. If Weisman innocently made material representations that were false upon which Oneal relied, and Oneal was thereby induced to make the trade, he was entitled to relief. The court should have embraced in his charge the full law on this point, as indicated. Defendant complains of this omission, but we doubt his right to relief therefor, as no special charge covering the omission was asked, but instead the special charge requested by defendant was in effect the same as that of the court. But as the case is to be reversed on other grounds, attention is called to the omission in the charge that it may be supplied on another trial.

The judgment is affirmed as to Newsome, and reversed and cause remanded as to the other parties.

*Affirmed in part. Reversed and remanded in part.*