## JOHNSON v. DYESS et al.

(Court of Civil Appeals of Texas. Austin. June 5, 1912.)

PARTNERSHIP (§ 213*)—THE RELATION—ADMISSION OF EXISTENCE OF PARTNERSHIP.

The failure of defendants, sued as partners, to deny such partnership under oath in their answer, is by force of statute equivalent to admission of such partnership, precluding evidence to the contrary.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 408, 409; Dec. Dig. § 213.*]

Appeal from Bell County Court; W. S. Shipp, Judge.

Action by D. P. Johnson against J. B. Dyess and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

W. H. Reid, Jr., of Belton, for appellant. Durrett & Dyess, of Belton, for appellees.

KEY, C. J. This suit originated in a justice of the peace court, but was appealed to and finally tried in the county court. Appellant was plaintiff and J. B. Dyess, J. A. Ferguson, and E. C. Clabaugh were defendants. The plaintiff sought to recover one-half of a $250 commission alleged to have

been earned by the defendants for the sale of a tract of land. The plaintiff alleged that, after failing himself to make a sale of any lands controlled by him as a real estate broker, he introduced a prospective purchaser to the defendants, upon an agreement with them that, if they made a sale to him, they would pay to the plaintiff one-half of the commission earned by them in making such sale. The plaintiff charged in his petition that the defendants were partners, and were acting and bound as such in the transaction referred to; and, if they were not such partners, the defendant Clabaugh, with whom plaintiff made the contract, was acting for himself and as agent for the other defendants. The defendants did not in their answer deny under oath that they were partners, as alleged by the plaintiff. After hearing all the testimony, the trial court instructed a verdict for the defendants.

We hold that the case must be · reversed, first, because the trial court erred in permitting the defendants to testify, over the plaintiff's objection, that they were not partners. The plaintiff having sued them as partners, and they not having denied such partnership under oath in their answer, their failure to do so was, by force of a statute of this state, equivalent to an admission of such partnership. Bradford v. Taylor, 61 Tex. 508; Railway Co. v. Tisdale, 74 Tex. 16, 11 S. W. 900, 4 L. R. A. 545. And, second, the court erred in instructing a verdict for the defendants. If it be true that the uncontroverted testimony shows that the defendants had never received any commission for the sale referred to, it does not follow that the plaintiff was not entitled to recover. He alleged in his petition, and submitted testimony tending to show that, by the terms of the contract, the defendants were to pay him one-half of the commission earned by them. According to his petition and the testimony given by him in support thereof, his right to recover was not dependent upon the defendants' collecting the commission earned by them, but only upon the fact that they had earned such commission. Of course, the defendants had the right under their general denial to prove that such was not the contract, but that, according to its terms, the plaintiff was not entitled to any of the commission until they received it. If that was the purport of the contract, and they had not willfully or negligently failed to collect the commission, then the plaintiff's suit was prematurely brought, and he was not entitled to recover; but, as said before, the plaintiff's testimony tended to show that his cause of action arose as soon as the defendants earned the commission in question, regardless of when it was paid.

For the reasons stated, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.