## FIRST NAT. BANK OF BURKBURNETT v. SPROLES et al. (No. 9661.)

(Court of Civil Appeals of Texas. Fort Worth. June 4, 1921. Rehearing Denied July 2, 1921.)

Pleading ⬦⇒422—Failure to attack petition for lack of verification prevents objection to testimony supporting that part of petition.

In a suit by a depositor to recover the difference between the amount of a raised check and the amount as the depositor wrote it, where the petition alleged forgery in raising the check, though Vernon's Sayles' Ann. Civ. St. 1914, art. 1828, provides that when defendant sets up counterclaim plaintiff may plead thereto, and whenever defendant is required to plead any matter under oath plaintiff shall also plead

under oath, and article 3710 provides that in an action on an instrument in writing, when the instrument is set up, it shall be received in evidence without proof of execution, unless the party executing it shall deny it by written affidavit, the failure of defendant to except to the petition for lack of verification waives his right to object to testimony denying the execution of the check.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by J. C. Sproles and another against the First National Bank of Burkburnett, Tex. From judgment for plaintiffs, defendant appeals. Affirmed.

J. L. Lackey, of Wichita Falls, for appellant.

Carrigan Montgomery, Britain & Morgan and Bert King, all of Wichita Falls, for appellees.

DUNKLIN, J. J. C. Sproles, who was a depositor of the First National Bank of Burkburnett, Tex., drew a check on the bank payable to the order of F. A. Willimas for the sum of $3.75. The check was afterwards so changed as to make it read that it was drawn for the sum of $800, and after that raise it was presented to the bank and paid, and plaintiff's account with the bank was charged with the sum of $800, instead of $3.75. The raising of the check was a forgery.

J. C. Sproles, joined by his brother S. P. Sproles, who was also interested in the deposit in the bank in the name of J. C. Sproles, instituted this suit against the bank to recover $796.25, the amount of excess paid by reason of the forgery. Plaintiffs recovered judgment for the amount sued for, and the defendant has appealed.

In their petition plaintiffs alleged the forgery by the raise of the amount of the check after J. C. Sproles had signed it. Defendant denied the raise, and alleged specifically that J. C. Sproles signed the check with the amount, $800, written therein.

Based upon articles 1828 and 3710, V. S. Tex. Civ. Stats., appellant has assigned error to the admission of testimony offered by plaintiffs to prove the forgery over the objection that plaintiffs had not verified their allegations of forgery.

Article 1828, V. S. Tex. Civ. Stats., reads as follows:

"When the defendant sets up a counterclaim against the plaintiff, the plaintiff shall plead thereto under the rules prescribed for the pleadings of defensive matter by the defendant so far as the same may be applicable. And whenever under such rules the defendant is required to plead any matter of defense under oath, the plaintiff shall in like manner be required to plead such matters under oath when relied on by him."

---

. ⬦⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Article 3710, reads:

"When any petition, answer, or other pleading shall be founded, in whole or in part, on any instrument or note in writing, charged to have been executed by the other party or by his authority, and not alleged therein to be lost or destroyed, such instrument or note in writing shall be received as evidence without the necessity of proving its execution, unless the party by whom or by whose authority such instrument, or note in writing is charged to have been executed, shall file his affidavit in writing denying the execution thereof; and the like rule shall prevail in all suits against indorsers and sureties upon any note or instrument in writing."

Defendant did not except to plaintiffs' petition for lack of verification, and by reason of its failure so to do it waived any right to object to the testimony complained of, even though it could be said, but which we doubt, that the statutes were applicable to plaintiffs' allegations of forgery. Ashcroft v. Stephens, 16 Tex. Civ. App. 341, 40 S. W. 1036; G., C. & S. F. Ry. Co. v. Jackson & Edwards, 86 S. W. 47; Oneal v. Weisman, 39 Tex. Civ. App. 592, 88 S. W. 290.

We are of opinion further that the evidence introduced was sufficient to support the judgment of the trial court, which is now here affirmed.

---

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes