**BERRY et al. v. THOMASON et al.***
(No. 10502.)

(Court of Civil Appeals of Texas. Fort Worth. March 1, 1924. Rehearing Denied April 12, 1924.)

**1. Corporations ⚖═306—Refusal to submit controverted issue held reversible error.**

Where plaintiff sought to hold officers of oil company individually liable on contract of company by alleging and introducing testimony of facts outside written instrument, refusal of court to submit issue raised by defendants' evidence disputing such alleged facts was reversible error.

**2. Appeal and error ⚖═192(2)—Failure to verify answer cannot be raised for first time on appeal.**

Plaintiffs could not invoke Rev. St. art. 1906, requiring verification of answer to suit on written instrument, where they did not except to defendants' pleading for lack of verification, nor object on that ground to evidence offered in support of answer.

**3. Limitation of actions ⚖═28(1)—Suit held not to constitute one for "conversion" barred by limitation of two years.**

Suit to recover damages for value of leased machinery *held* not suit for conversion and therefore barred by statutory limitation of two years, where plaintiffs relied on breach of stipulation in contract for return of the property at end of rental period; alleged conversion being but incidental to that breach.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conversion.]

On Motion for Rehearing.

**4. Appeal and error ⚖═500(2)—Exception held waived by failing to invoke ruling thereon.**

Where plaintiffs filed exception to plea because same was not verified, as required by Rev. St. art. 1906, but record does not show that exception was ever presented to court or any ruling thereon was invoked or made, exception must be deemed waived.

Appeal from District Court, Throckmorton County; W. R. Chapman, Judge.

Action by G. W. Thomason and another against the Boggy Valley Oil Company, and

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted June 12, 1924.

A. V. De Pascle, W. L. Berry, and Calvin H. Henson. Judgment for plaintiffs against all defendants except A. V. De Pascle, and W. L. Berry and Calvin H. Henson appeal. Reversed and remanded.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, and T. R. Odell, of Throckmorton, for appellants.

G. W. Thomason, of Haskell, for appellees.

DUNKLIN, J. This suit was instituted by G. W. Thomason and Y. L. Thomason against the Boggy Valley Oil Company, a corporation incorporated under the laws of the state of Texas, and A. V. De Pascle, W. L. Berry, and Calvin H. Henson, to recover the balance claimed to be due plaintiffs for rent on a well-drilling machine and implements used in connection therewith, and also for the value of a rig which plaintiffs alleged defendants failed to return after the expiration of the lease period, and which it was further alleged the defendants converted to their own use.

· Judgment by default was rendered against the oil company, and defendants have made no complaint in this court of that decree. Judgment was also rendered in plaintiffs' favor against·the defendants Berry, as vice president of the oil company, and Henson, as secretary and treasurer, and against those two persons individually. From the personal judgment against them, Berry and Henson have prosecuted this appeal. Although the judgment recites that De Pascle was duly cited as president of the oil company and also in his individual capacity, he failed to answer but wholly made default. Notwithstanding that recital, judgment was rendered in favor of De Pascle.

The lease contract upon which plaintiffs sought a recovery for rentals on the well-drilling rig is as follows:

"The State of Texas, Throckmorton County.
"Know all men by these presents that this contract or agreement, this day made and entered into by and between G. W. Thomason and Y. L. Thomason of Throckmorton county, Texas, parties of the first part, and the Boggy Valley Oil Company, a corporation duly incorporated under the laws of the state of Texas, and having its principal place of business in Throckmorton county, Texas, and A. V. De Pascle of Dallas, Texas, president, Dr. W. L. Berry, vice president, and Calvin J. Henson, Sec. and Treas., of said company, of Throckmorton county, Texas, both in their official capacity as officers of said corporation and in their individual capacity, each for themselves, parties of the second part, witnesseth: That the parties of the first part do hereby lease and rent to the parties of the second part for the period of ninety days from date hereof, one National well machine, one stem, 20 feet long, one ten-inch bit, one eight-inch bit, one six-inch bit, one Barrett jack, one set of wrenches, at a rental of seven dollars and fifty cents per day for each day of said ninety days—Sundays excepted unless machine and tools are used on Sundays, and if used to be paid for at the same rate; said rental to be paid weekly at the end of each week.

"The said Boggy Valley Oil Company in its corporate capacity, and the said A. V. De Pascle, Dr. W. L. Berry and Calvin J. Henson, each in their official and individual capacity, severally and jointly, bind and obligate themselves to pay to the parties of the first part the rental for the machine and tools as agreed herein for the time herein specified and at the end of said term to return said machine and tools to the parties of the first part where they received them free of cost to the parties of the first part and in as good condition as they, the second parties, receive them; and if the said second parties should lose or break any of said tools, they are to replace the same with new tools and if said machine is damaged to place the same in as good repair as when received.

"Witness our hands, this the 2d day of May, A. D. Y. L. Thomason, Parties of the First Part. W. L. Berry, Vice President, Calvin J. Henson, Sec.-Treas., Parties of the Second Part."

In their pleadings plaintiffs alleged that by oversight the contract sued on was not signed by plaintiff G. W. Thomason, nor by the Boggy Valley Oil Company, nor by A. V. De Pascle. But it was further alleged that G. W. Thomason was bound by it because Y. L. Thomason acted for him in the making of it, and that the oil company and De Pascle were bound because they were represented by Berry and Henson in its execution, and that all the defendants were liable because they acquiesced in the contract as binding upon them individually and accepted the benefits arising therefrom.

Defendants Berry and Henson filed numerous exceptions to the sufficiency of the petition to show a cause of action against them personally. They also pleaded specially that prior to the execution of the contract the oil company was the owner of oil and gas leases which is desired to develop, and in order to accomplish that it sent defendant Henson and another agent to procure a drilling rig. According to further allegations, Henson and the other agent entered into an oral contract with plaintiffs for and in behalf of the company only to rent the machine and tools described in plaintiffs' petition. Plaintiffs then undertook to reduce the oral contract to writing, but before doing so represented to Henson that they desired the three officers named to become guarantors for the oil company in the performance of the contract, but Henson declined to accede to that demand, since it was not in accordance with the prior oral contract. But Henson told plaintiffs at the same time that if De Pascle would execute the contract so as to make him individually liable, then Berry and Henson would consider whether or not they would also become personally bound. Plaintiffs then agreed that if Berry and Henson would sign the contract officially they should

not be liable personally unless De Pascle should also sign it so as to bind him individually. Berry was not then present, but later he and Henson signed the contract as vice president and secretary-treasurer of the defendant company, respectively, with the intention of thereby binding the company, but with no intention of binding themselves to individual liability, and plaintiffs accepted the same with that understanding and intention.

According to further allegations, Berry and Henson had no personal interest in the lease of the machinery and tools, and there was no consideration passing to them to bind them individually.

Defendants further pleaded that if, as alleged in plaintiffs' petition, it was understood and agreed that the three officials named should all be individually liable, as well as the company, then the contract is incomplete and unenforceable because not executed by De Pascle nor by the company.

Upon the trial defendants Berry and Henson each requested the court to submit to the jury special issues, which, in substance, required findings as to whether or not they executed the contract with understanding between them and plaintiffs that those defendants would not be individually liable thereon, unless De Pascle should also sign the same in a manner to bind himself to individual liability, and whether or not they individually accepted and used the leased property. There was ample evidence to support findings in appellants' favor. on the issues. The court refused to submit those requested issues; the only issue submitted by the court being as to the market value of the machinery and tools leased at the date of the termination of the lease. And judgment was rendered in plaintiffs' favor for the amount of rentals stipulated in the lease contract plus the market value of the property as found by the jury.

[1] Aside from the question of its apparent incompleteness for lack of the signature of De Pascle and the lack of its execution by defendant company as alleged in plaintiffs' pleadings, the contract, as executed, did not clearly import the individual liability thereon of Berry and Henson. To say the least, it was ambiguous, and, in recognition of that fact, plaintiffs sought to hold appellants individually liable by alleging the facts already cited which were dehors the written instrument, and by introducing testimony in support of such allegations. But those allegations were flatly controverted in appellants' pleadings, which were also supported by their testimony. Those controverted issues of fact should have been submitted to the jury, and the refusal of the court to submit them constitutes reversible error. See Ayres v. Herring (Tex. Civ. App.) 32 S. W. 1060; Benson v. Ashford (Tex. Civ. App.) 189 S. W. 1097; 6 R. C. L. pp. 640 to 645; 1 Williston on Con-

tracts, § 302; 13 C. J. pp. 305, 306; 2 Page on Contracts, § 1175.

[2] Appellees contend that the refusal of the court to submit the requested issues was correct, in view of the fact that appellants did not verify their pleadings denying the execution of the contract in their capacity as individuals, as well as for the defendant oil company, since article 1906 of our Revised Statutes requires the verification of an answer to a suit on a written instrument alleged to have been executed by the defendant or by his authority. Appellees are in no position to invoke that statute here for the first time, since they did not except to appellants' pleading for lack of such verification, nor does the record show any objection to the evidence offered in support of the pleading, based on a lack of verification of the pleading. First Nat. Bank of Burkburnett v. Sproles (Tex. Civ. App.) 233 S. W. 329; Texas Co. v. Dunn (Tex. Civ. App.) 219 S. W. 300; Wilkinson v. Lyon (Tex. Civ. App.) 207 S. W. 638; Smith v. Smith (Tex. Civ. App.) 200 S. W. 540; Mutual Film Co. v. Morris & Daniel (Tex. Civ. App.) 184 S. W. 1060; Ashcroft v. Stephens, 16 Tex. Civ. App. 341, 40 S. W. 1036; G., C. & S. F. Ry. Co. v. Jackson & Edwards (Tex. Civ. App.) 86 S. W. 47; O'Neal v. Weisman, 39 Tex. Civ. App. 592, 88 S. W. 290; W. U. Tel. Co. v. Smith, 61 Tex. Civ. App. 531, 130 S. W. 622.

[3] We overrule appellant's contention that appellees' suit to recover the value of the machinery leased should be construed as a suit for damages for conversion of personal property and therefore barred by the statute of limitation of two years. While plaintiffs did allege such conversion, yet they relied on the terms of the written contract stipulating for a return of the property to them at the end of the rental period, and sought a recovery for the value of the articles by reason of a breach of that obligation. The alleged conversion was only an incident to that breach and did not change the cause of action for such breach. Deaton v. Rush (Tex. Sup.) 252 S. W. 1025; Thomason v. McIntyre (Tex. Sup.) 254 S. W. 315.

For reasons pointed out, the judgment in favor of A. V. De Pascle and that against the Boggy Valley Oil Company are undisturbed, but as between all other parties the judgment is reversed and the cause remanded.

#### On Motion for Rehearing.

[4] It is true, as stated by appellees in their motion for rehearing, that they did in their pleadings in the trial court file an exception to the plea of non est factum, filed by appellants, because the same was not verified as required by the statute. But since the record does not show that that exception was ever presented to the court or that any ruling thereon was invoked or made, it must be held to have been waived. With this cor-

*rection* in the statement contained in our opinion on original hearing, the motion for rehearing is overruled.