**CHAPMAN, Banking Com'r, v. MORRISON et al. (No. 7524.)**

(Court of Civil Appeals of Texas. San Antonio. March 17, 1926.)

**1. Appeal and error ⬉253—Plaintiff in error, who did not file exceptions to pleading of defendants in error as not being verified, cannot raise that question for first time on appeal.**

Plaintiff in error who did not file exceptions to pleading of defendants in error as not being verified cannot raise that question for first time on appeal, though he objected to admission of testimony on that ground, whereupon defendants in error were permitted to amend by verifying pleadings, and did not discover their failure to do so till overruling of his motion for new trial.

**2. Pleading ⬉236(4)—Trial court held not to abuse authority in allowing defendants to amend pleadings by verification.**

Trial court *held* not to abuse authority by allowing defendants to amend pleading by verification where objection to introduction of testimony was made on that ground.

**3. Alteration of instruments ⬉20—Maker of note given when he bought tractor held released when holder without his knowledge or consent had subsequent buyer of tractor sign it.**

Maker of note given when he bought tractor *held* released when holder without his knowledge or consent had subsequent buyer of tractor sign it, since such signing was material change constituting fraud, though bank could have substituted name of subsequent buyer and kept security in accordance with agreement with original maker.

Error from Cameron County Court; Oscar C. Dancy, Judge.

Suit by the Planters' State Bank of Harlingen against G. R. Morrison and others, wherein J. L. Chapman and another inter-

vened. Judgment adverse to intervener named was entered, and he brings error. Motion to dismiss the writ was overruled (278 S. W. 236). Judgment affirmed.

H. W. Williams, of Brownsville, and Rabel & Hornaday, of Harlingen, for plaintiff in error.

Seabury, George, Taylor & Polk, of Brownsville, for defendants in error.

COBBS, J. The Planters' State Bank of Harlingen instituted this suit against defendants in error, in the county court of Cameron county, to recover on a promissory note alleged to have been executed by defendants in error on or about the 31st day of January, 1920, for the principal sum of $517.50, payable to said bank, bearing interest at the rate of 10 per cent., and with the usual 10 per cent. attorney's fees, etc. The bank also sought to foreclose a mortgage lien given on a certain tractor as security for the payment of the note. The bank having failed, J. L. Chapman, banking commissioner of the state of Texas, took charge of its assets, and procured leave to intervene to prosecute this suit.

G. R. Morrison defended, and answered that he bought the tractor from defendant Noffziger and executed the note described, which then was signed only by Noffziger, and Noffziger was thereupon to be released; that soon thereafter he sold the tractor to defendant Calloway and to the intervener, L. G. Strader, with the express agreement and understanding that he, the said Morrison, would be released by the bank from any further liability thereon, and that the bank would take the defendant J. R. Calloway's note for an equal amount; that the bank also agreed to release the chattel mortgage lien on the tractor; that intervener Strader would not purchase a half interest in said tractor, nor would Morrison sell said tractor to Calloway and Strader unless and until Morrison was released from personal liability on said note, whereupon, in pursuance with said agreement, Morrison made the transfer to said parties; that the bank, without the knowledge or consent of Morrison, caused Calloway to sign said note as a joint maker thereof, thereby destroying the integrity of the note and making a material change therein, which caused Morrison to be released from any liability thereon.

This case was tried with a jury upon special issues covering every phase of the case. The jury returned a verdict in favor of defendants in error upon every issue, and the court upon said verdict of the jury rendered a judgment in so far as Strader and Morrison were concerned "that said banking commissioner take nothing by reason of its suit herein against G. R. Morrison, and that said Morrison do have and recover of said bank-

---

ing commissioner a judgment for all costs incurred herein." As to the intervener Strader the court rendered a judgment "that he do have and recover a judgment against all parties for one-half interest in the tractor described in plaintiff's pleadings, free and clear of the chattel mortgage lien sought to be foreclosed on said tractor by plaintiff in his pleadings."

A careful reading of the facts, for it is a fact case, satisfies us that the material facts fully support the verdict of the jury.

[1] Plaintiff in error not having filed any exceptions to the pleading of defendants in error that the same were not verified (if verification here were necessary), it is too late to raise that question for the first time in this court.

Plaintiff in error made objection to the introduction of the testimony on that ground, and, without obtaining any ruling of the court thereupon, defendants in error obtained leave of the court to amend their pleadings by verification, and the trial proceeded on the assumption of the court and all the attorneys that the pleadings had been verified, and it was not discovered that they had not been, by any of the parties, until the overruling of plaintiff in error's motion for new trial. Revised Statutes, art. 1906; Williams v. Bailes, 9 Tex. 61; Ashcroft v. Stephens, 40 S. W. 1036, 16 Tex. Civ. App. 341; Oneal v. Weisman, 88 S. W. 290, 39 Tex. Civ. App. 592. The proposition is overruled.

[2] No abuse of the authority of the court is shown in allowing the amendment. It is rather to be commended than condemned for trial courts in proper cases to permit amendments so as to perfect and simplify issues. There is nothing to be more condemned than prolix and loose pleadings.

[3] In this case the president of the bank had the authority to substitute the name of Calloway in lieu of Morrison and keep the security in accordance with the agreement. The bank should have taken a new obligation of Calloway, which seemed contemplated. But, in any event, by keeping the old note and having Calloway sign it without the knowledge or consent of Morrison effectively

released Morrison from any further obligation thereon. Harper v. Stroud, 41 Tex. 367.

In the case of Ford v. First National Bank (Tex. Civ. App.) 34 S. W. 684, opinion by Justice Browne, the rule is laid down as follows:

"The note sued on is a negotiable promissory note, a class of obligation that serves to some extent the uses of money; and, in order to facilitate the transfer of these obligations from man to man, they have qualities and exemptions peculiar to themselves. Their liability to be tampered with has necessitated the establishment of rigid rules for their protection; and no people have gone further than our own in their efforts to protect commercial paper. Any material change in a note after it leaves the hands of a maker, whether the alteration increases or lessens the liability of the obligor, is held in this state to destroy the note as an obligation. To add a name to a note as a joint maker without the knowledge and consent of the original maker of the note, after the note has been transferred, as was done in this case, our Supreme Court, in the case of Harper v. Stroud, 41 Tex. 367, has held to have the effect to discharge the original maker from liability thereon. In the case cited, the question was squarely before the court, and the conclusion reached is sustained by a number of authorities cited. * * * In some states it is said that the addition of the name, to have the effect to invalidate the instrument, must be fraudulently made; but this distinction is more apparent than real, and can hardly be said to raise a conflict. If the adding of a name as a maker without the consent of the original obligor, after the note is in circulation, is in every case a material alteration, then in every case such an act is in law fraudulent; and the intention with which the alteration is made is immaterial."

The fact is undisputed that the name of Calloway was added to the obligation of Morrison without his knowledge or consent. This was such a material change in the note that brought about a legal fraud upon Morrison's rights such as to cause his release.

This case has been fairly tried and substantial justice administered. We find no reversible error assigned, and the judgment is affirmed.