## HAMMOND v. ROBINSON et al. (No. 10204.)

Court of Civil Appeals of Texas. Dallas.
June 9, 1928.

Rehearing Denied July 21, 1928.

1. **Appeal and error** ⊚⇒518(4)—**Only amended petition filed by clerk can be considered on appeal, in determining plaintiff's pleading, copy delivered to opposing party not being part of record (Rev. St. 1925, art. 2092, subd. 15).**

In determining pleading of plaintiff in trial court, on question whether court erred in receiving evidence denying allegation therein, amended petition filed by clerk is only instru-

ment that can be looked to by Court of Civil Appeals, and copy required to be delivered to opposing party, under Rev. St. 1925, art. 2092, subd. 15, cannot become part of record in case.

2. **Pleading** ⊚⇒422—**Failure to specially except to unverified pleading denying alleged partnership does not waive requirement of verification (Rev. St. 1925, art. 2010, subd. 6).**

Under Rev. St. 1925, art. 2010, subd. 6, requiring answer denying alleged partnership to be verified by affidavit, fact that party did not present special exception to unverified pleading denying partnership does not waive statutory requirement with reference thereto.

3. **Partnership** ⊚⇒213(2)—**Whether complaint affirmatively alleged partnership required to be denied under oath to admit evidence thereon must be determined by pleading.**

In determining whether court erred in receiving evidence denying existence of alleged partnership under pleading not denying alleged partnership under oath, question whether complaint affirmatively alleged existence of partnership must be determined by the pleading.

4. **Partnership** ⊚⇒213(2)—**Complaint against defendants individually, alleging operation as partners and fact inconsistent with partnership, held not to require verified denial, to admit evidence disproving partnership (Rev. St. 1925, art. 2010, subd. 6).**

Complaint against defendants as individuals, alleging that they "were operating jointly as partners," without specifically declaring existence of partnership over the business involved, and specifically alleging ownership inconsistent with inference of partnership, *held* not to affirmatively allege existence of partnership in business, so as to require verified denial of partnership, under Rev. St. 1925, art. 2010, subd. 6, to permit evidence disproving partnership.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Action by G. A. Hammond against Will Robinson and another. Judgment for plaintiff against defendant named, and for defendant A. C. Atkins against plaintiff, and plaintiff appeals. Affirmed.

Crate Dalton and N. B. Halporn, both of Dallas, for appellant.

W. H. Adkins and George Sergeant, both of Dallas, for appellees.

JONES, C. J. Plaintiff in error filed this suit in a district court of Dallas county against defendants in error, Will Robinson and A. C. Atkins, to recover damages for personal injuries suffered while in their alleged employment. The trial to a jury resulted in a judgment in favor of Atkins under peremptory instructions by the court, and in favor of plaintiff in error for the sum of $1,000 against Robinson under findings of the jury on the special issues submitted by the

court. The appeal is perfected by plaintiff in error, because of the peremptory instructions in favor of Atkins.

The undisputed evidence discloses that Robinson, at the time of the injury to plaintiff in error, was operating a mule barn in the city of Dallas, and had in his employ in operating such business some seven or eight men, including plaintiff in error, and that he was not a subscriber to compensation insurance for the protection of his employés. It is further shown by evidence that plaintiff in error was injured while engaged in the work of his employment, through the negligence of Robinson, and suffered damages in the amount found by the jury. No question is raised as to the judgment against Robinson.

The undisputed evidence shows that Atkins had no interest in the mule barn or the mules, and was not a partner in such business with Robinson, and the appeal is not based on the theory that there was evidence tending to show Atkins' connection, either by ownership or as a partner, with Robinson in the mule barn and in the mules therein, but is based on the theory that plaintiff in error, having specifically alleged that a partnership existed in the business alleged to have been conducted, and that the existence of the alleged partnership was not denied under oath, the relation of partnership between the parties became an indisputable fact in the case, and it was error for the court to receive evidence denying such relationship, and error for the court to give the peremptory instruction in favor of Atkins on the theory that no partnership existed. These contentions of plaintiff in error are based upon proper assignments of error.

Atkins contends that, as section 15 of article 2092, R. S. 1925, prescribing procedure for Dallas and a few other counties, requires that, when a party to a suit files a pleading of any character, such party shall at the same time either deliver to the adverse party or deposit with the clerk for such adverse party a copy of the pleading, and that the original of the pleading shall remain at all times in the clerk's office or in his custody, and that, as he was furnished with such copy at the time the amended pleading was filed by plaintiff in error, the law only required him to look to such copy for its contents, and that, as the copy so furnished did not allege partnership, he was not required to answer same under oath, even though the pleading filed in the clerk's office contained an interlineation, not in the said copy, attempting to allege partnership; also that plaintiff in error waived a verification of the pleading because no exception was presented to the answer specifically denying that any partnership existed, on the ground that such answer was not verified. He also contends that the amended petition as interlined does not contain such an allegation of partnership that would require a verified answer denying its existence.

These questions will be discussed in their order.

[1] We are of the opinion that the amended petition filed by the clerk is the only instrument that can be looked to by this court to determine the pleading of appellant in the trial court. The copy required to be delivered to the opposing party is not permitted to be filed, and hence cannot become a part of the record of this case. Defendant in error's contention in this respect is overruled.

[2] Under subdivision 6 of article 2010, R. S. 1925, an answer setting up a denial of an alleged partnership must be verified by affidavit. The courts of this state have construed the failure to verify the denial of a partnership, alleged by an opposing party to exist, as an admission that such partnership existed as alleged, and that the trial court, in the absence of such denial, must accept such an allegation as an existing fact, and refuse the admission of any evidence tending to disprove such a relationship. The fact that the other party did not present a special exception to such unverified pleading does not waive the statutory requirement in reference thereto. Johnson v. Dyess (Tex. Civ. App.) 149 S. W. 203; Wichita Valley Ry. Co. v. Brown (Tex. Civ. App.) 270 S. W. 1112; Williams v. Bailes, 9 Tex. 63; Drew v. Harrison, 12 Tex. 281; Ashcroft v. Stephens, 16 Tex. Civ. App. 341, 40 S. W. 1036.

[3, 4] The sole question then remaining is: Does the affirmative allegation in appellant's amended pleading specifically declare the existence of a partnership between Atkins and Robinson in the business conducted at the mule barn, and in the work of which business appellant was engaged at the time of his injury? This must be determined by the pleading. Plaintiff in error in his petition complains "of Will Robinson and A. C. Atkins, hereinafter styled defendants," and alleges that " * * * on or about the 23d day of September, A. D. 1921, the defendant A. C. Atkins and Will Robinson were operating jointly as partners, and Atkins was the owner of a cavalry, or herd, of mules, which he was having broken for the market, and operating a mule barn, having under his employ seven or eight men, among whom was the plaintiff." The words "as partners" being the words interlined with a pen in the original of the first amended petition, and did not appear in the copy of such petition delivered to the opposing parties. This is the entire affirmative pleading of partnership.

It will be noted that his complaint is not against a partnership composed of Robinson and Atkins, but is against them as individuals. The charge that they "were operating jointly as partners" alleges the existence of such relationship between the parties in very general terms, without specifically declaring its existence over the business from the conduct of which this suit resulted. It is left to inference alone that the partnership did

exist in the conduct of the business under review. This general charge of partnership is followed by a specific allegation in reference to the ownership and conduct of such business, which is inconsistent with any inference that Robinson and Atkins were partners therein. This specific allegation, as shown from the above question, declares that Atkins was the owner of the mules and operating the mule barn, that Atkins was having the mules broken for the market, and that appellant was in Atkins' employ. It was attempting to catch one of the unbroken mules, and using therefor a defective rope, furnished by Robinson, that caused appellant's injury. Under this state of the pleading we conclude that the court did not err in giving the peremptory instruction, and that this case should be affirmed.

Affirmed.