**TIPPIT v. STUCKERT.**
No. 12852.

Court of Civil Appeals of Texas. Fort Worth.
April 13, 1934.

Rehearing Denied May 18, 1934.

W. S. Moore, of Fort Worth, for appellant.
Ernest May, of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

J. L. Tippit has appealed from a judgment rendered against him on two promissory notes, each in the sum of $5,000, in favor of J. L. Stuckert, receiver of the Standard Building & Loan Association.

The two notes were given by Tippit as part of the purchase price of the east one-half of lot 12 and the west one-half of lot 11, block 4, University place, Fort Worth, Tex., on which was an apartment house, sold to him by the loan association and secured by a vendor's lien and also a deed of trust on the property conveyed. The total consideration for the sale was $14,500 represented by the two notes sued on and the conveyance to the loan association by the defendant of the property situated in another county, at a valuation of $4,500.

On the trial of the case the jury found that before the defendant signed the two notes in controversy Miller represented that the loan association would keep the property rented for the defendant; and further represented to the defendant at the same time that the loan association, the vendor, would not hold the defendant personally liable on the notes in the event the property was sold under a deed of trust. There was a further finding that Miller had authority from the loan association to make those promises.

There was a further finding that Miller represented to the defendant that the property conveyed to him was worth $14,500; that each and all of the representations made by Miller were untrue; and that defendant relied on each and was induced thereby to purchase the property upon the terms stated, and acted with reasonable promptness to repudiate the transaction after he discovered the falsity of the representations so made.

The facts so found by the jury were specially pleaded by defendant as false and fraudulent representations and by reason thereof he sought a rescission of the sale, cancellation of the notes sued on and restoration of title to the property given by him in exchange.

After the verdict was returned, the court granted plaintiff's motion for a judgment in his favor notwithstanding the verdict, and defendant has assigned error to that action.

■ It is quite apparent that Miller's representation of the value of the property was mere "dealer's talk," and an expression of an opinion only, which, under the general rule, would not constitute actionable fraud; and there was no further finding of facts in connection therewith that would bring the statement within any exception to that rule. 20 Tex. Jur., pp. 71–73; Oneal v. Weisman, 39 Tex. Civ. App. 592, 88 S. W. 290.

■ The findings that Miller represented that the loan association would keep the property rented for the defendant and that it would not hold him personally liable on the notes in the event the property should be sold under a deed of trust—as was later done—furnished no sufficient basis for the rescission of the sale on the ground of fraud, in the absence of a further finding that those promises were made with no intention to perform them; and defendant failed to request the submission of that issue to the jury and also failed to request submission of any further issue of fraud presented in his pleadings. Article 4004, Rev. Civ. Statutes; Prideau v. Roark (Tex. Com. App.) 291 S. W. 868; Clem v. Evans (Tex. Com. App.) 291 S. W. 871, 51 A. L. R. 1135; Chicago, T. & M. Ry. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39; Lott Town & Improvement Co. v. Harper (Tex. Civ. App.) 204 S. W. 452, and authorities there cited; Stowe v. Wooten (Tex. Civ. App.) 37 S.W.(2d) 1055; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

■ The further finding that the loan association authorized Miller to make the representations referred to above was contrary to the uncontroverted evidence introduced by plaintiff to show lack of such authority, and the same was admissible without a special pleading as a basis therefor, since defendant had especially alleged such agency which was put in issue by plaintiff's general denial; no contract in writing signed by Miller as agent for plaintiff being involved. 2 C. J., p. 912. Hence there is no merit in the assignment to the admission of such evidence.

■ However, Miller was in fact plaintiff's sales agent, and lack of authority from the association to him to make such representa-

tions would be no obstacle to defendant's right to a rescission if the representations found by the jury inducing the sale constituted actionable fraud within the meaning of article 4004, Rev. Civ. Statutes, and decisions cited above construing same. See Reed v. Hester (Tex. Com. App.) 44 S.W.(2d) 1107.

For the reasons indicated there was no error in granting plaintiff's motion for a judgment in his favor notwithstanding the verdict, and the judgment is therefore affirmed.

LATTIMORE, J., not sitting.